The Commonwealth of Pennsylvania *v.* Frank Jongrass, alias G. Frank, appellant.

*Criminal law—Murder—Interpreter.*

On the trial of an indictment for murder where it is necessary to administer the oath to witnesses by an interpreter, it is not necessary that the clerk should repeat the oath to the interpreter every time the latter is called upon to administer it to a witness. It is enough if this be done at the beginning of the examination.

An interpreter acts under the sanction of his oath as such when he administers the oath to a witness no less than when he interprets the testimony of the witness to the court and jury.

*Criminal law—Murder—Sleeping juror.*

On an appeal in a murder case the Supreme Court will not review the refusal of the trial court to set aside the verdict because it was alleged that one of the jurors had for an instant appeared to be asleep.

*Criminal law—Practice—Professional ethics.*

There is no code of professional ethics that is peculiar to the criminal courts. There are no methods of practice to be tolerated there that are not equally entitled to recognition in the civil courts. Subtile distinctions that mark no substantial differences and that do not affect the merits of a controversy unless it may be to obscure or to defeat them, should not be allowed to thwart justice in the interests of disorder and crime.

*Judge and juror—Evidence.*

Neither a judge nor a juror is bound to accept the statement of a witness which contradicts the testimony of his own senses.

Argued April 12, 1897. Appeal, No. 63, Oct. T., 1897, by defendant, from judgment of O. & T. Lawrence Co., on verdict of guilty of murder. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for murder. Before WALLACE, P. J.

At the trial defendant objected to the administration of the oath by Joseph Cuneo to James Carinne and other witnesses called for and on behalf of the commonwealth, for the following reasons :

1. That said Cuneo is not an officer of said court authorized by law to administer oaths to witnesses in said cause.

2. That the court cannot by mere direction authorize a person, sworn and acting as interpreter in said cause, to administer oaths to witnesses called to testify therein.

3. That the administration of the oath to a witness called to testify in a foreign tongue is not the administration of the oath in the presence of the court in contemplation of law unless the words used in such administration are interpreted to the court.

4. That the oath to witnesses should be administered by the court or some officer authorized by law to administer oaths, and in the presence of the court.

Objection overruled and exception for defendant. [1]

Verdict of guilty of murder of the first degree.

The reasons assigned for a new trial among others were as follows:

1. That John Kemp, one of the jurors, fell asleep during the time of the hearing of a part of the testimony in said case, and was incompetent to judge of all the facts and properly weigh the evidence in making up and rendering his verdict.

4. That several of the principal witnesses called and examined in said cause for and on behalf of the commonwealth, to wit: James Carinne, Mary Carinne and others, and upon whose testimony the commonwealth relied in making out its case, were not legally sworn and qualified as witnesses to testify in said cause, the oath not having been administered to them, or either of them by the court or other officers authorized by law to administer oaths in said court.

The court refused to hear testimony relating to the charge that one of the jurors had fallen asleep, overruled the motion for a new trial, and sentenced the defendant upon the verdict.

*Errors assigned* were (1) rulings of the court as to the administration of the oath to witnesses; (2, 3) in overruling motion for a new trial; (4) in refusing to hear testimony as to the sleeping juryman.

*J. M. Martin*, with him *J. L. McClelland* and *Frank A. Blackstone*, for appellant.—The witnesses were not properly sworn: act of March 21, 1772; 1 Smith's Laws, 387; 2 Purd. Digest, 1614, secs. 3 and 4, 12th ed.; Rapalje on Witnesses, sec. 236.

The verdict was affected by the misconduct of the juror: 2 Bouv. Law. Dic. 240; Johnson v. Root, 2 Cliff. 108; 12 Am. & Eng. Ency. of Law, 373; Tefft v. Marsh, 1 W. Va. 38;

People v. Superior Ct., 5 Wend. (N. Y.) 114 ; Roberts v. Leslie, 46 N. Y. Superior Ct. 76 ; The President v. Patchen, 8 Wend. (N. Y.) 47 ; Com. v. Roby, 12 Pick. (Mass.) 496.

*Robert K. Aiken,* district attorney, for appellee was not heard, but in his printed brief said.—The overruling of the motion for a new trial is not a proper subject for assignment of error : McGinnis v. Com., 102 Pa. 66 ; Grant v. Com., 71 Pa. 495 ; McManus v. Com., 91 Pa. 57 ; Howser v. Com., 51 Pa. 332.

When Joseph Cuneo was sworn as interpreter in this case he became an officer of the court : 1 Jones on Evidence, sec. 267.

The court had the authority to direct any officer of the court, or other person, to swear the witnesses in open court, it being done by the direction and sanction of the court : Phillipi v. Bowen, 2 Pa. 20 ; Waugh v. Shunk, 20 Pa. 130 ; Stephens v. State, 1 Swan. (Tenn.) 157 ; State v. Knight, 84 N. C. 790 ; Oaks v. Rodgers, 48 Cal. 197 ; Wharton's Criminal Law, sec. 1257 and 1287, (9th ed.)

The alleged sleeping of a juror during the trial, is a question of fact which the court below was alone competent to decide : McClain v. Com., 110 Pa. 263 ; Alexander v. Com., 105 Pa. 1.

PER CURIAM, May 3, 1897 :

There is no code of professional ethics that is peculiar to the criminal courts. There are no methods of practice to be tolerated there that are not equally entitled to recognition in the civil courts. Subtile distinctions that mark no substantial differences and that do not affect the merits of a controversy unless it may be to obscure or to defeat them, should not be allowed to thwart justice in the interests of disorder and crime. The assignments of error in this case raise two questions of this class. They touch no important right of a defendant. The first one relates to the validity of the oath administered by the interpreter to some of the witnesses. The form of the oath is not questioned, nor is it denied that the interpreter correctly translated it into the language of the witness. It was done in the presence and under the immediate direction of the court. Under such circumstances if it had been administered by a bystander it would have bound the conscience of the witness both in law and in morals as a valid oath. It was not necessary

that the clerk should repeat the oath to the interpreter every time he was called upon to administer it to a witness. It was enough if this was done at the beginning of the examination. The interpreter acts under the sanction of his oath as such, when he administers the oath to the witness, no less than when he interprets the testimony of the witness to the court and jury. The other question relates to the refusal of the court below to set aside the verdict because it was alleged that one of the jurors had for an instant appeared to be asleep. This motion was addressed to the discretion of the court. It depended upon a fact that must have transpired in the presence of the learned judge. If this assignment was regular we could not consider it upon this record. The learned judge stated when this motion was before him that he had given particular attention to this juryman during the trial because of his age, and was able to say upon his own knowledge that he was awake and attentive except for a single instant, and that he lost nothing of the trial. It was idle to call witnesses to prove what the learned judge knew to be untrue. He would not have been bound by such testimony if given, for neither a judge nor a juror is bound to accept the statement of a witness that contradicts the testimony of his own senses. The evidence abundantly justified the conviction.

The assignments of error are overruled, the judgment affirmed, and the record remitted for purposes of execution.