ELDON F. TRIPP *vs.* GEORGE H. H. ALLEN.

Bristol.     October 24, 1916. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions. *Motor Vehicle. Negligence.*

At the trial of an action for personal injuries sustained by being run down by a motor car owned and operated by the defendant when the plaintiff was travelling on foot on a public highway, the presiding judge in his charge to the jury read to them a clause of St. 1909, c. 534, § 22, and told them that, if the defendant was under the influence of liquor at the time of the accident, he was violating a penal law and that the violation of such a law which contributed to the injury was of itself evidence of negligence. The defendant's counsel then asked the judge to tell the jury that there was no evidence that the defendant was under the influence of liquor. The judge replied that there was such evidence and that on the evidence the jury could find that the defendant being under the influence of liquor had contributed to the accident. To this part of the charge the defendant excepted. At the argument of the exceptions before this court the defendant's counsel did not argue that there was no evidence that the defendant was under the influence of liquor but took the ground that the judge erred in reading the penal statute to the jury and thus distracting their attention from the merits of the issue on trial. *Held,* without intimating that the ground of exception urged by the defendant's counsel was well taken, that the contention

was not open to the defendant, who had confined his exception to the statement in the judge's charge that there was evidence that the defendant was under the influence of liquor, and that on this ground, which was the only one open, the exceptions must be overruled, because there was evidence that the defendant was under the influence of liquor and that this had contributed to the accident that caused the plaintiff's injuries.

TORT for personal injuries sustained by being run down from behind by a Ford runabout motor car owned and operated by the defendant at about one o'clock A. M. on September 21, 1914, when the plaintiff, with a companion, was travelling on foot on a highway in South Dartmouth called Dartmouth Street, going toward New Bedford. Writ dated November 12, 1914.

In the Superior Court the case was tried before *Dubuque, J.* The course of the trial, so far as material to the exceptions, is described in the opinion. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*J. T. Swift,* for the defendant.

*C. R. Cummings, (J. W. Nugent* with him,) for the plaintiff.

LORING, J. This is an action to recover damages for being run down by a motor car of the defendant. The car was being operated by the defendant at the time of the accident. In his charge the judge read to the jury the following clause of St. 1909, c. 534, § 22: "Whoever upon any way operates an automobile or motor cycle recklessly or while under the influence of intoxicating liquor . . . shall be punished by a fine" or imprisonment. He then told the jury that if the defendant was under the influence of liquor at the time of the accident he was violating a penal law and that the violation of a penal law which contributed to the injury is of itself evidence of negligence. Upon the counsel for the defendant taking an exception to this part of the charge, the judge asked him what he wanted him to say to the jury. To this the defendant's counsel answered that he thought the jury ought to be told that there was no evidence that the defendant was under the influence of liquor. To this the judge replied that there was evidence that he was under the influence of liquor and that on the evidence the jury could find that this had contributed to the accident and thereupon the defendant's counsel said that he "ought to take an exception to that part of the charge now."

In his argument before this court the defendant's counsel has not undertaken to support this exception on the ground that there

was no evidence that the defendant was under the influence of liquor. The sole contention which he now makes is that by reading the penal statute to the jury he thrust into the case a fact not affecting the merits of the issue which the jury were to decide and one that was likely to appeal to the sympathy of the jurors and to distract their attention from the consideration of the true merits of the issue. The defendant relies upon *Allen* v. *Kidd,* 197 Mass. 256, and similar cases.

But that is not open to the defendant under the exception which he took. When he excepted generally to the part of the charge in question he was asked what his objection to it was. In answer to that question he stated that his objection was that there was no evidence that the defendant was under the influence of liquor. The only objection and exception to the charge was on the ground that there was no evidence warranting a finding that the defendant was under the influence of liquor. We do not intimate that the objection argued was well taken.

We are of opinion that the evidence did warrant a finding that the defendant was under the influence of liquor and that that contributed to the accident complained of. We do not go into this matter more fully because it has not been argued by the defendant.

*Exceptions overruled.*