COMMONWEALTH *vs.* EARL O. LYSETH.

Middlesex.    November 20, 1924. — January 10, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle,* Operation.    *Intoxicating Liquor.*

At the trial of a complaint under G. L. c. 90, § 24, for operating an automobile while under the influence of intoxicating liquor, it is proper for the judge to refuse to instruct the jury as follows: "The defendant cannot be found guilty of driving while under the influence of intoxicating liquor unless the jury find that he was actually driving in a manner different from the way he would have driven had he taken no intoxicating liquor."

At the trial above described, it was proper for the judge to refuse to instruct the jury as follows: "If the defendant's manner of driving his motor vehicle under the circumstances of this case was that of a sober, careful man, he cannot be found guilty . . . of operating a motor vehicle while under the influence of intoxicating liquor."

In order to warrant a finding of guilty upon a complaint under G. L. c. 90, § 24, for operating an automobile while under the influence of intoxicating liquor, it is not necessary that it be proved that the defendant was drunk.

It is not an essential element of a violation of G. L. c. 90, § 24, that the defendant shall have failed to exercise due care to avoid injury to other travellers: he can be convicted even though there were no other travellers on the way he was using.

COMPLAINT, received and sworn to in the District Court of Lowell on February 16, 1924, charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor.

On appeal, there was a trial in the Superior Court before *Whiting*, J. The only statement in the record as to the evidence at the trial was the following: "In addition to other evidence, there was evidence both by police officers and others that when seen by them within one half hour afterwards at the scene of the accident the defendant was under the influence of intoxicating liquor."

The defendant asked the judge to give to the jury certain instructions quoted in the opinion. The requests were refused except as given in the charge, which in part was as follows: "Now, what is driving under the influence of intoxicating liquor? I might say first that merely having drunk intoxicating liquor before the occurrence is not alone sufficient evidence to warrant the jury in finding the defendant operated a motor vehicle while under the influence of intoxicating liquor; unless you find that the defendant's driving of his motor vehicle was affected by the influence of intoxicating liquor he must be acquitted. But now what is being under the influence of intoxicating liquor? In the first place, a man to be under the influence of intoxicating liquor does not have to be drunk. They are two different things. A man cannot be drunk without being under the influence of liquor, but just because he is under the influence of liquor it does not follow that he is drunk. There is a distinction the courts say, between the crime of drunkenness on the one hand and merely being under the influence of liquor on the other hand, which is recognized in common speech in ordinary experience and in judicial decision. I take it that being under the influence of intoxicating liquor means this: That the defendant at the time was influenced in some perceptible degree by the intoxicating liquor that he had taken. And that is about all that it does mean. It doesn't mean that he could not drive the car, and safely. The expression under the influence of intoxicating liquor covers not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tends to deprive him of the clearness of intellect and control of himself which he would otherwise possess. So

one driving an automobile upon a public street while under the influence of intoxicating liquor offends against a statute even though he drives so slowly and so skillfully and carefully that the public is not annoyed or endangered.

"To be under the influence of intoxicating liquor is not necessarily to be intoxicated. One may well be said to be under the influence of intoxicating liquor when he is to any extent affected by it, when he feels it; and this condition may result from potations so small as not to impair any mental or physical faculties, and when the passions are not visibly excited nor the judgment of any physical function impaired. This is very far short of intoxication which is the synonym of drunkenness; implying or evidenced by undue or abnormal excitation of the passions or feelings, or the impairment of the capacity to think and act correctly and efficiently.

"That I take it is what is meant by under the influence of liquor. Now, here we have heard the evidence of what this man had taken and the other evidence in the case and it is for you to determine whether this man at the time of this accident when he was driving the automobile was under the influence of intoxicating liquor. Had the liquor that he had taken influenced him to any perceptible degree? If it had, he is guilty. If it hadn't, he is not guilty."

The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*G. W. Pearson & F. H. Pearson,* for the defendant.

*A. K. Reading,* District Attorney, *& C. E. Lawrence,* Assistant District Attorney, for the Commonwealth.

BRALEY, J. The defendant having been tried and convicted on a complaint under G. L. c. 90, § 24, for operating an automobile while under the influence of intoxicating liquor, contends, that the trial judge erroneously refused to give the following requests as framed: " The defendant cannot be found guilty of driving while under the influence of intoxicating liquor unless the jury find that he was actually driving in a manner different from the way he would have driven had he taken no intoxicating liquor. . . . If the defendant's manner of driving his motor vehicle under the

circumstances of this case was that of a sober, careful man, he cannot be found guilty . . . of operating a motor vehicle while under the influence of intoxicating liquor."

The only statement in the record as to the testimony is, that in addition to other evidence there was evidence that the defendant when seen by the witnesses at the place of the accident within half an hour thereafter, was under the influence of intoxicating liquor. We accordingly assume the jury could find, that the charge in the complaint had been proved.

By G. L. c. 90, § 24, " Whoever upon any way operates a motor vehicle . . . while under the influence of intoxicating liquor . . . shall be punished by a fine of not less than twenty nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both; except that for a second offence of operating a motor vehicle while under the influence of intoxicating liquor, a person shall be punished by imprisonment for not less than one month nor more than two years."

The Commonwealth was not required to prove that the defendant was drunk. " Whatever difficulties there may be in framing with precision a definition of the extent of inebriety which falls short of and which constitutes drunkenness, there is a distinction between that crime on the one hand and merely being under the influence of liquor on the other hand, which is recognized in common speech, in ordinary experience, and in judicial decisions." *Cutter* v. *Cooper*, 234 Mass. 307, 317, 318. The statute is penal. Its very purpose is to regulate the use of motor vehicles on the public ways, in the interests of the public welfare. See *Tripp* v. *Allen*, 226 Mass. 189. It was wholly immaterial whether the defendant exercised due care to avoid injury to other travellers, and he could be convicted even if there were no travellers on the street. *Commonwealth* v. *Horsfall*, 213 Mass. 232, 235.

We perceive no reason why the statute should not be construed in accordance with its plain meaning, and the entry must be

*Exceptions overruled.*