COMMONWEALTH *vs.* FRANKLIN T. CLARKE.

Suffolk.    January 29, 1926. — February 24, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Operation.    *Intoxicating Liquor*.

A defendant may be found guilty of operating a motor vehicle upon a
public way while under the influence of intoxicating liquor in violation
of G. L. c. 90, § 24, as amended by St. 1925, c. 297, although the engine
of the vehicle was not running and the vehicle, while the defendant was
in it, moved but four feet, if it appears that the defendant while under
the influence of intoxicating liquor got into his motor vehicle, which
was at a standstill at a curb on a slight incline forward, moved the gear
shift from reverse into neutral in order to lock the transmission, and
that then the car moved about four feet down the incline against an-
other car.

COMPLAINT, received and sworn to in the Municipal Court
of the Roxbury District of the City of Boston on June 19,
1925, charging the defendant with operating a motor vehicle
upon Huntington Avenue in Boston while under the influence
of intoxicating liquor.

On appeal to the Superior Court, the complaint was tried
before *Bishop*, J.    Material evidence and rulings by the trial
judge to which the defendant saved exceptions are described
in the opinion.    The defendant was found guilty and alleged
exceptions.

*P. H. Kelley*, for the defendant.

*E. J. Harrigan*, Assistant District Attorney, for the Com-
monwealth.

CARROLL, J.    The defendant was charged with operating
a motor vehicle upon Huntington Avenue in Boston while
under the influence of intoxicating liquor.    G. L. c. 90, § 24;
St. 1925, c. 297.    The defendant admitted that he was under
the influence of liquor, but denied that he operated a motor
vehicle in violation of the statute.

Joseph Solomon, a witness for the Commonwealth, testi-
fied that on June 10, 1925, about thirty minutes after five

o'clock in the afternoon, he was in an automobile on Huntington Avenue, Boston, moving in the direction of Brookline, and by reason of the traffic, came to a stop; that while his vehicle was standing in the traffic line, he felt a slight jar and found that the defendant's automobile had collided with the rear mud guard of his own car. The traffic officer testified that the defendant was seated behind the wheel of his automobile; that his engine was not running; that "there is a slight incline at the place where the defendant's car was." The defendant testified that he stopped his car in front of 891 Huntington Avenue and "shut off his engine"; that he drank some whiskey and when he returned to his automobile he "realized that he had taken too much liquor," and "decided to leave his car just where it was"; that he proceeded to lock the transmission, and "in order to do that he had to get into the car and throw the clutch over from the reverse to neutral; that the car being then at rest on a slight incline, it moved forward about four feet, solely as a result of its own weight and the law of gravitation until it came into contact with the Solomon car"; and that the engine had not been running since he stopped it about one o'clock in the afternoon.

The defendant requested that the jury be instructed: "If the jury find that the defendant, while in an intoxicated condition, and while his car was at a stop, did nothing more than lock the brakes for the purpose of preventing the car from being operated thereafter, and while doing that particular act, the car, because it was then standing on a slight incline moved forward solely as a result of its own weight and the laws of gravitation for a few feet more or less and not as a result of the operation of the engine by the defendant, then in such case the defendant's act is not an act within the prohibition of the statute"; and "upon all the evidence, the defendant is entitled to an acquittal."

The presiding judge charged the jury that, "If while under the influence of intoxicating liquor the defendant got into his automobile which was standing at the curb on a street with a slight incline, the motor not running, and moved the gear shift from reverse into neutral, in consequence of which the car moved forward and down the incline the defendant being

in the car behind the wheel, then the defendant is guilty of operating a motor vehicle while under the influence of intoxicating liquor." The defendant excepted to this instruction and also to the refusal to give the rulings requested. The jury found that the engine of the defendant's car was not running, "from the moment . . . [the defendant] got into his car opposite 891 Huntington Avenue until he was arrested," and found the defendant guilty.

To operate a motor vehicle upon a way in violation of the statute, it is not necessary that the engine should be running. The engine of a motor vehicle may cease to run while it is going down a hill, but the vehicle may remain within the control of the driver and he may operate it, under these conditions. The statute was passed for the protection of travellers upon highways, and such a vehicle may be operated when standing still. *Commonwealth* v. *Henry*, 229 Mass. 19. See *Commonwealth* v. *Lyseth*, 250 Mass. 555.

The defendant's automobile moved and came in contact with the machine in front of it, because of the defendant's action in manipulating its machinery. The purpose and intent of the statute would be violated if an intoxicated person could be permitted to manipulate an automobile upon a public highway in the manner shown by the evidence in this case. The danger to travellers might be great and the consequences of such action might be serious.

Whether the defendant's automobile was operated on the way contrary to the provisions of the statute is not to be determined by the distance the vehicle moved. It proceeded but a short distance, yet it moved sufficiently to collide with the car in front of it, and probably would have proceeded farther if it were not for the collision. The shifting of the gears caused the car to move. This act, on the evidence in the case, was an operation of the motor vehicle within the meaning of the statute.

The instructions asked for were refused properly, and those given were correct. There is nothing in *Labrecque* v. *Donham*, 236 Mass. 10, or in *Norcross* v. *B. L. Roberts Co.* 239 Mass. 596, in conflict with what is here decided.

*Exceptions overruled.*