## KLASER v. STATE OF INDIANA.

[No. 13,674.   Filed April 18, 1929.   Rehearing denied July 31, 1929.]

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted of operating a motor vehicle on the public highway while under the influence of intoxicating liquor, in violation of §40 of the motor vehicle act of 1925 (Acts 1925 p. 144, §10141 Burns 1926).

Sufficiency of evidence to sustain the verdict is the only question presented; and, in reviewing the evidence, it is the province of this court to consider only the evidence most favorable to appellee. *Wright* v. *House* (1919), 188 Ind. 247, 121 N. E. 433.

It is conceded by appellant that, at the time charged, he was operating his automobile in and upon the streets of the city of Evansville. On the trial, the one issue was as to whether appellant was under the influence of intoxicating liquor. The question was one of fact for the jury. There were two witnesses for the State who testified that, at the time in question, they talked with appellant and observed his manner of speech and walk; one testified that "he was drunk," the other that "he was drinking." A third witness for the State testified that he observed him at the time, and that "he was pretty drunk." Appellant introduced no evidence in his own behalf.

The offense defined by the statute is not the operation of a motor vehicle by one who is drunk or intoxicated, but "while under the influence of intoxicating liquor." It is evident that, in the enactment of the statute, the lawmakers intended to relieve the State from making proof that the offender was drunk, in the meaning of that word as commonly used.

The evidence is sufficient.

Affirmed.