## HUNT v STATE

Ohio Appeals, 3rd Dist, Putnam Co

No 268.   Decided February 24, 1932

Albert H. Straman and John T. DeFord, Ottawa, for plaintiff in error.

Joseph J. Labadie, Pros. Att'y, Ottawa, A. A. Slaybaugh, Leipsic, and B. A. Unverferth, Ottawa, by brief, for defendant in error.

WILLIAMS, J (6th Dist) sitting by designation.

JUSTICE, PJ.

The first assignment of error to which our attention is invited, relates to the admission of evidence.

Over the objections and exceptions of counsel for plaintiff in error, the coroner of Putnam county testified that he found Leon Mobouck ,on the night of September 23, 1931, lying dead in the road near the place where the automobile had been parked, with a bullet hole through his chest. It is insisted that this evidence is irrelevant and prejudicially erroneous to plaintiff in error, in that he was on trial for killing Frank Conaway and not for killing Leon Mobouck, and that the natural result of this evidence would be to inflame and prejudice the jury against the plaintiff in error. With this contention we do not agree, for the reason that the State of Ohio was entitled to show what occurred at the time Frank Conaway was shot and mortally wounded. The shooting of Conaway and Mobouck were parts of the same transaction, and hence were properly put before the jury to the end that it could determine whom, if any one, was to blame for the shooting. It also tended to corroborate the testimony that more than one shot was fired from where the automobile was parked.

Over the objections and exceptions of counsel for plaintiff in error, a number of witnesses were permitted to testify to statements made by Frank Conaway after the shooting wherein he implicated plaintiff in error as his assailant. It is insisted that these statements were not made as dying declarations but were merely hearsay evidence, and hence improperly received. Some of the statements were clearly dying declarations containing all that appears in all statements made. All of the statements only went to the identification of plaintiff in error. And so, even if some of them were made by Frank Conaway at a time when he did not believe he was going to die, still in the light of the record, their reception in evidence does not require a reversal of the judgment complained of, because plaintiff in error freely admitted upon the witness stand, that he was the man who shot Conaway and Mobouck. True, plaintiff in error testified that he only fired twice, but there is abundant evidence that he shot oftener than that. Anyhow, so far as identification is concerned, plaintiff in error told the court and jury that he was the man near the automobile when Conaway, Bryan and Mobouck approached, and that he was the man who did the shooting, claiming, however, at all times, that he did not enter the hog lot, did not attempt to steal the hog, did not kill it, did not help drag it to the fence, but that his automobile was parked on the road because he was having engine trouble, and that while he was trying to fix his car, he was attacked by three men whom he thought were going to rob and kill him, and that he shot in self defense, believing it necessary to so do to save his life.

The State of Ohio introduced evidence, over the objections and exceptions of plaintiff in error, certain statements purporting to have been made by plaintiff in error, in which he was said to have stated that he was present at the scene of the shooting and actually fired his rifle at the three men when they approached his car. This evidence was clearly admissible. The statements were against interest. Furthermore, they are in accord with plaintiff in error's own version of the affair, as he himself testified on the witness stand, with the exception that he claims to have fired in self defense. The confession, if such it may be called, was beyond question voluntary.

Another assignment of error has to do with certain special requests submitted by counsel for plaintiff in error and asked to be given before argument, which the trial court refused to do.

Under the law of this state, a trial court is not required to give special requests before argument, in criminal cases. The trial court is, however, required to at least incorporate the substance of the special requests, if they correctly state the law and are applicable to the issues involved, in his general charge. This, the trial court did. **12 Ohio Jurisprudence, §944, page 922.**

The general charge, taken as a whole, is correct and free from any prejudicial error. In fact, it was very favorable to plaintiff in error. **Dull v State of Ohio, 36 Oh Ap 195.**

The last claimed error pertains to the sufficiency of the evidence. In order to pass upon this assignment, we are compelled to, and have read the entire record.

The controlling facts are as heretofore set forth, and confronted as we are with such facts, we cannot say that the jury was not warranted under the rule of reasonable doubt, in returning the verdict in question. In fact, as we see this case, there is abundant evidence to sustain the verdict.

The case was well tried. The learned prosecuting attorney, with his eminent assistants, placed before the jury and the trial court, in a most clear and concise manner, the state's contentions. They at all times were fair and just to plaintiff in error. Most able counsel defended plaintiff in error and protected his every right. Surely, in the light of the record, if the jury believed, and it obviously did believe, the evidence on behalf of the State of Ohio, plaintiff in error was justly convicted of a most dastardly murder.

Finally, having considered all the assignments of error presented by counsel in oral argument and in their briefs, finding none of them well taken, and further finding that plaintiff in error, upon the whole case, has had a fair trial, there remains nothing for this court to do but to affirm the judgment, which is accordingly done. Judgment affirmed.

KLINGER and WILLIAMS, JJ, concur.