## Commonwealth *v.* Buoy, Appellant.

Argued April 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

266

*F. Joseph Thomas,* for appellant.

*Herbert A. Mook,* District Attorney, for appellee.

OPINION BY RHODES, J., July 15, 1937:

Defendant was tried and convicted on an indictment charging that he operated a motor vehicle while under the influence of intoxicating liquor. A new trial was refused and sentence was imposed; defendant appealed.

Error is assigned, inter alia, to the refusal of a new trial and to certain excerpts from the charge of the court. The latter are the only assignments encompassed in the statement of questions involved, and no others need be considered. *Com. v. Cauffiel,* 298 Pa. 319, 148 A. 311. At the conclusion of the charge the trial judge asked if counsel had "any requests for additional charge." The record discloses none; nor were specific exceptions taken to those portions of the charge referred to in the statement of questions involved. A general exception was taken. We have nevertheless reviewed the charge and all of the assignments relating thereto. See Act of May 11, 1911, P. L. 279, § 2, as amended by Act of May 24, 1923, P. L. 439, § 1 (12 PS § 1197).

Appellant's principal contention is that the trial judge, in his charge to the jury, incorrectly defined the meaning of the term "under the influence of intoxi-

cating liquor," as used in the Act of May 1, 1929, P. L. 905, art. 6, § 620 (f), as amended by Act of June 22, 1931, P. L. 751, §2, 75 PS § 231 (f), under which the indictment was drawn. The trial judge made it clear to the jury that a verdict of guilty depended on its finding that the appellant operated his motor vehicle on the highway while under the influence of intoxicating liquor. In this connection the trial judge charged: "You will observe, the question for you to determine is, whether or not, at the time complained of, sometime between 6:15 and 7:00 o'clock, as we recollect, was the defendant operating his motor vehicle on this highway, while under the influence of an intoxicating liquor." Thereupon the trial judge proceeded as follows: "Whenever a person is under the influence of intoxicating liquor, so as not to be entirely himself, he is intoxicated. Although he can walk straight; although he may attend to his business, and may not give any outward, visible signs to the casual observer, that he is drunk, yet, if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not in possession of that clearness of intellect, and that control of himself that he otherwise would have, he is intoxicated."

We are unable to see how appellant was injured by this portion of the charge of the court. It was favorable to him. The Commonwealth was not obliged to prove that appellant was so intoxicated or drunk that he could not properly function or safely drive a car. The statute does not require proof of intoxication. All that the statute requires is that the appellant be under the influence of intoxicating liquor while operating a motor vehicle. Act of May 1, 1929, P. L. 905, art. 6, § 620 (f), as amended by Act of June 22, 1931, P. L. 751, § 2, 75 PS § 231 (f). The expression, "under the influence of intoxicating liquor," covers not only all the well known and easily recognized conditions and degrees of intoxi-

cation, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive one of that clearness of intellect and control of himself which he would otherwise possess. *State v. Rodgers*, 91 N. J. Law, 212, 102 A. 433; Words & Phrases (Third Series), vol. 7, p. 683.

Appellant refers to another isolated portion of the charge wherein the trial judge referred to the dual nature of the offense for which appellant was indicted. The trial judge referred to the fact that it was a combination of drinking liquor and operating a motor vehicle upon the highways that constituted the offense charged, to wit, operating a motor vehicle on the highway while under the influence of intoxicating liquor. This excerpt standing alone may be subject to criticism, but the charge must be read as a whole. *Walters v. Western & Southern Life Ins. Co.*, 318 Pa. 382, 389, 178 A. 499, 501. It cannot properly be separated into isolated parts and these considered without relation to the charge in its entirety. *Com. v. Glenn*, 321 Pa. 241, 248, 183 A. 763, 766. This statement of the trial judge, which is complained of, when read in connection with the other parts of the charge, does not constitute basic or fundamental error. If the trial judge fails to elaborate on questions of law upon which he has charged, it is not reversible error when no points are submitted or requests made asking for more definite instructions. *Com. v. Pacito*, 229 Pa. 328, 78 A. 828. If a more comprehensive description of the crime with which appellant was charged was desired, counsel should have requested it. See *Com. v. Bruno*, 316 Pa. 394, 402, 175 A. 518, 521; *Com. v. Newson*, 277 Pa. 48, 53, 120 A. 707, 708. A failure to reiterate relevant legal principles in the absence of a request to charge more fully on any such omission or inadequacy does not

constitute reversible error. *Com. v. Campbell,* 116 Pa. Superior Ct. 180, 176 A. 246.

We find no basic or fundamental error in the charge, nor was it prejudicial to appellant. The Commonwealth may have had reason to complain, but we cannot ascertain any injury that appellant may have suffered. Subtle distinctions that mark no substantial differences, and that do not affect the merits of a controversy, will not be allowed to thwart justice. *Com. v. Jongrass,* 181 Pa. 172, 37 A. 207.

Other assignments of error are not covered by the statement of questions involved, and they were not argued.

The evidence was sufficient to warrant a conviction, and the charge of the court contained no reversible error. A new trial was properly refused.

The judgment of the court below is affirmed, and it is ordered that the defendant, Chester D. Buoy, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.