**MIDDLETOWN (City), Plaintiff, v. DENNIS, Defendant.**

Municipal Court, Middletown.

No. 1622.

## OPINION

By LAMB, J.

In the present cause, the defendant, William H. Dennis, is charged with unlawfully operating a motor vehicle, to-wit: an automobile upon Garfield Street, a public street in the City of Middletown, Butler County, Ohio, while under the influence of alcohol, contrary to the ordinance of said city in such case made and provided. The evidence on behalf of the prosecution was presented to the court, the defendant being present and represented by counsel.

As soon as the prosecution had rested its case, the defendant, by his counsel, moved the court for dismissal of the charge upon the ground that there was insufficient evidence before the court as to the **operation** of said vehicle by the defendant, it appearing clearly from the evidence that the defendant was in a serious state of intoxication at the time of his arrest, but not in a state of mania.

Counsel has so vigorously argued the point before the court that it is incumbent upon the court at this time to make certain observations prior to ruling on the motion.

The sole question seems to be whether or not this court is justified in making a finding of "Guilty" to the charge of operating a motor vehicle while under the influence of alcohol when the principal evidence as to the actual operation of the motor vehicle is the admission of the defendant shortly after the collision with a parked truck, that he was the driver of the automobile involved in said collision. There are, of course, certain extrinsic evidentiary facts which will be discussed at a later portion of this opinion.

It may be well at the outset to differentiate between an admission and a confession. While admissions are sometimes loosely referred to by the courts as confessions, there is a great difference in the character of the evidence educed from each. A confession is an acknowledgment of guilt, while admission is merely a statement by the accused, direct or implied, of facts pertinent to the issue and tending to show his guilt. 2nd Wharton Criminal Evidence 1400; **12 O. Jur. 378 and 379.**

As Underhill in his Criminal Negligence has stated; "Any voluntary statement by one accused of or suspected of a crime relating to some particular fact or circumstance, and not the whole charge, which indicates consciousness of guilt, and tends to connect him with the crime charged, and to incriminate

him, is admissible as against interest," citing numerous cases at pages 501 and 502 of Underhill's Criminal Evidence, including **Harrison v. State, 112 Oh St 429** and 147 N. E. 650; **State v. Mueller, 41 Oh Ap 102,** 179 N. E. 503; **Hunt v. State, 42 Oh Ap 119** and 181 N. E. 651.

An admission is something less than a confession as it acknowledges only some particular fact or circumstance pertinent to the issues and tending to prove guilt in connection with other circumstances, while a confession covers the whole transaction admitting guilt. Such admission against interest is admissible on the theory that it is apt to be true, because it is not likely that the defendant would make a false statement which would injure himself. They may be either written or oral and the court has wide latitude as regards admissability of this sort of evidence.

Some of the authorities hold that admissions unlike confessions are admissible though involuntary, but others hold that in order to be admissible, admissions must be voluntary. The different jurisdictions, due to different statutory requirements and different rules laid down by the various appellate courts are found to be in conflict with California at the liberal end of the scale and Louisiana and Alabama at the other. In some jurisdictions, the admissions are presumed to be voluntary, in the absence of evidence that they were obtained by duress or otherwise, or if the defendant made no such contention at his trial, and no preliminary hearing or proof is required of their voluntary character. In others such admissions are prima facie involuntary and therefore inadmissible, it being necessary for the State to show in a preliminary hearing their voluntary character and to lay a proper predicate. Such admissions are substantive, original evidence and may be regarded as a criminal circumstance proper to go to the jury, the rules as to impeachment and its foundation not applying.

The rule in Ohio seems to be somewhere in the middle, in that admissions are presumed to be voluntary, in the absence of evidence that they were obtained by duress or otherwise, or the defendant made no such contention at his trial and no preliminary hearing is required of their voluntary character. However, some preliminary proof must be shown on the actual trial of the case that it was voluntarily made. **Kosienski v. State, 24 Oh Ap 225,** 157 N. E. 301. In our present case no objection was made to the introduction by the prosecution of the voluntary statement made by the defendant shortly after the arrest that he was the driver of the motor vehicle involved in the present case, and therefore it must be con-

sidered a voluntary admission, properly before the court. which this court is justified in considering in determining the particular operative fact involved; the actual operation of the motor vehicle by the defendant.

Now, having determined that the statements made by the defendant to the arresting officers shortly after the said arrest, are admissions against interest and are competent for consideration by the court, it may be well to answer the further argument of defendant's counsel that the statement imputed to the defendant as to the actual operation of his automobile was heard by only one of the two officers present at the arrest. This particular point may be disposed of by the citation of **Moran v. State,** 11 O. C. C. 464; 5 O. C. D. 234, affirmed without opinion; **72 Oh St 602,** and 76 N. E. 1129, holding that, "The fact that only one person of several present claims to have heard a statement made by the accused, and is willing to testify to it, does not affect the competency of the testimony." See **12 O. Jur., Page 280.**

Is a confession inadmissible merely because made while the accused was under the influence of alcohol? The cases are numerous and definite in answering this question in the negative. See numerous cases cited in Underhill's Criminal Evidence, 4th Edition, page 538 and 539, holding that a confession is not inadmissible merely because made while the accused was under the influence of alcohol, but that fact may be considered by a jury in determining the weight and credibility of the confession; and this is the rule in many jurisdictions even though the alcohol is furnished by the officer having the accused in custody, a situation far removed and much more aggravated than the present case.

Bell v. U. S. 60 App. D. C. 76 and 47 Fed. 2nd, 438 and 74 A. L. R. 1098 holds that, "The fact that a confession is made while the person making it is under the influence of liquor but not to the extent of mania, does not render it inadmissible, although intoxication might affect its weight and credibility."

Our whole problem, therefore, seems to resolve itself down to the question of whether or not there is sufficient extrinsic evidence in the record, in addition to the admissions against interest by the defendant as to the actual operation of the motor vehicle, from which the court would be justified in making a finding of "Guilty" to the charge against the defendant, defendant having introduced no rebuttal testimony of any kind. It is the inescapable conclusion of this court that such extrinsic evidence is present in the instant case, and that therefore the motion of the defendant for the dismissal of the charge at the conclusion of the prosecution's case must be overruled.

The record will disclose that an automobile of the make and model driven by the defendant was observed by a taxi driver a few minutes before the collision with a parked truck; that said motor vehicle struck a parked Chevrolet and proceeded on, without stopping, at a high rate of speed. The record further discloses that the defendant was found at the scene of the collision with a parked truck, standing beside his 1951 Buick Sedan, badly intoxicated; that the defendant admitted that he was the driver of the said Buick; that the front end of the Buick and the rear end of the truck were interlocked; that there was no other person in attendance at the scene of the collision except the defendant; and that the defendant was in a dazed condition from the force of the impact.

Although this case was tried before the court without the intervention of a jury, there are numerous, applicable cases holding, that, "Where there is evidence in the record from which the jury may be informed that the accused drove an automobile upon a public street or highway while under the influence of intoxicating liquor, a conviction will not be disturbed upon appeal, though there is also evidence in the record to the contrary." See numerous cases cited in 42 A. L. R. 1507; 68 A. L. R. 1362.

Three other cases seem very persuasive of the point at issue. One of these is Commonwealth v. Lyseth, 250 Mass. 555, 146 N. E. 18, where, in addition to other evidence not set out, the accused was found at the scene of an automobile accident **one half hour** after the happening thereof, and he was then under the influence of intoxicating liquor. The conviction was sustained, the court merely saying: "We accordingly assume the jury can find that the charge in the complaint had been proved." How much stronger is the present case, in which the defendant was found at the scene of the accident only ten minutes thereafter with the additional extrinsic evidence that a terrific collision had occurred, that the defendant was the sole person present at the scene of the accident, and that he was in an acute state of intoxication.

How much stronger also is the case of McCullough v. State, 96 Texas Criminal Reports, 455; 257 S. W. 541, in which the evidence disclosed that the accused was found cut and bleeding and too drunk to talk, in a roadster shortly after it had collided with another car parked on the highway and that the windshield of the roadster was broken. It was held that such evidence was sufficient to show that the defendant was guilty of driving an automobile in an intoxicated condition. In addition to the vast amount of damage incurred in the collision in the present case, we have the further evidence by the de-

fendant's own admission that he was operating his Buick Sedan at the time of the collision, a factor which was not present in the Texas case.

This court has been exceedingly impressed by a New Jersey decision, State v. DeHart, 129 Atlantic 427, in which a conviction of driving an automobile while intoxicated, in violation of the New Jersey Motor Vehicle Act, was sustained by the evidence where a police officer arrived at the scene of collision of two automobiles shortly after the accident occurred, required both drivers to exhibit their license and **accused then stated that he was in charge of one of the cars,** in which there was no other person, and he clearly manifested intoxication, **though there was no evidence that he actually drove the car.**

All these decisions make it abundantly clear to the court, and particularly so, since the defendant has offered no rebuttal evidence of any kind to the contrary, that the prosecution has proved a case of driving while under the influence of alcohol beyond a reasonable doubt, and that, as a consequence, defendant's motion to dismiss must be overruled, and he will be compelled, if he so elects, to proceed with his affirmative case. It seems clear from the cited authorities that the admissions against interest of the defendant (that he was the operator of the motor vehicle involved in said collision) made to the arresting officers, are competent, relevant and material to the cause, even though defendant was in a state of intoxication short of the extent of mania, the fact of intoxication and that such statements were made orally going merely to their weight and credibility and not to their competence.

These statements, taken together with the dazed condition of the defendant, defendant's extreme state of intoxication, his sole presence at the scene of the collision and the enormous amount of damages done as the result of said collision, are all factors which lead the court to the inescapable conclusion that, without further presentation of evidence, the defendant must be found guilty as charged and therefore the motion of the defendant to dismiss must be overruled.

It may be observed in passing that if admissions of this nature, taken together with extrinsic facts of a compelling nature, are not admissible in evidence and are not competent matters for the consideration of a court or jury, thousands of serious cases of this kind, of manslaughter, of fleeing the scene, and worse, should go unpunished. This court does not wish to be placed in the position of setting the patently dangerous precedent that circumstantial evidence of this kind is incompetent or irrelevant; that a defendant must be actually observed driving before a conviction can be obtained.

The law does not place upon the state the overwhelming burden of proving a case beyond all question, but only of proving it beyond a reasonable doubt.