## Gerhard License

*William N. Kannehan, Jr.,* for appellant.

*Robert H. Jordan,* for Liquor Control Board.

PER CURIAM, September 16, 1957.—Frank Gerhard is the holder of a hotel liquor license with his wife, Anna B. Gerhard, for Sunset Hotel, R. D. #1, Wescoesville.

In the spring of 1955, enforcement officers visited the premises and found Anna B. Gerhard in charge, drunk, serving drinks to visibly intoxicated persons, permitting gambling, which, as we remember the testimony, was very minor, and permitting help to associate with patrons. A penalty of 45 days was imposed, with a provision that Anna B. Gerhard be removed from the license. Upon appeal we held that the order of removal of Anna B. Gerhard from the license was unauthorized, but we permitted the suspension to stand: Matter of Suspension of Gerhard License, no. 155, Sept. sessions, 1955.

Pending said appeal, Frank Gerhard was arrested for driving a motor vehicle while under the influence of intoxicating liquor and, upon pleading guilty to that charge, he was on June 18, 1956, sentenced to pay a fine of $100, which was paid.

The Pennsylvania Liquor Control Board thereupon cited licensees and on September 11, 1956, entered an order revoking the license as of October 5, 1956, from which order the present appeal was taken.

There is no doubt that violation of a law not relating to the operation of a liquor license may be the grounds for a penalty against license holders, as being 'upon any other sufficient cause shown': Section 471 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-471. See Commonwealth v. Lyons, 142 Pa. Superior Ct. 54, 58.

We do not question the right of the liquor control board to impose a penalty upon the licensees by reason of the conviction of Frank Gerhard for operating an automobile under the influence of intoxicating liquor (Commonwealth v. Lyons, supra), but we believe that certain observations are in order.

Without condoning such driving, it must be noted that the offense is not incorporated in the criminal code, it is a serious but not a heinous offense and it does not involve moral turpitude. Furthermore, since conviction implies driving while influenced by intoxicating liquor at that time and *in any degree* (Commonwealth v. Buoy, 128 Pa. Superior Ct. 264, 267), it does not follow that the person is possessed of habits of intemperance or even that he was *drunk*, according to any specific person's definition of drunkenness, at the time of his arrest. There is then some, but not a very strong, relation between appellant's conviction for driving while intoxicated and his fitness to operate a hotel. This conviction is not like one for gambling

(Commonwealth v. Lyons, supra; Revocation of Mark's License, 115 Pa. Superior Ct. 256) or for a sex offense: Appeal of Creitz, 21 Lehigh 367.

The penalty of revocation, therefore, even following a breach of duty by his colicensee, is a very severe one for conviction of driving while intoxicated.

We are convinced that the penalty imposed upon Frank Gerhard was based upon the premise that the former penalty of 45 days suspension had included an additional period of suspension pending the elimination of Anna Gerhard as a licensee.

Whether or not the additional penalty of revocation would have been justified, based upon the first penalty imposed, we need not decide. It is clear that, although Frank Gerhard had no part in the first violations, he was bound by the penalty and by the fact that his dereliction constituted a second offense. By the same token, Anna Gerhard is bound by the consequences of her colicensee's dereliction: Tabarrini Appeal, 2 D. & C. 2d 242, to the contrary notwithstanding.

Since, however, we have held that the first penalty was invalid as it sought to add any penalty above the 45 days suspension, the foundation for the second severe penalty of revocation is badly shaken.

We know of no procedure whereby we can discover what penalty the liquor board would have imposed for the second offense had it then known that the valid penalty for the first offense was 45 days and no more. See Zermani Liquor License Case, 173 Pa. Superior Ct. 428, 433.

We are bound, therefore, to exercise the discretion placed in us by the law when a different factual situation exists. We believe that a suspension of 45 days would amply punish the licensees for this second offense.

Now, September 16, 1957, appellant's appeal is sustained and it is ordered that the hotel license of Frank and Anna Gerhard be granted for the year beginning February 1, 1957, and that said license be suspended for the period of 45 days from such date as may be fixed by the Pennsylvania Liquor Control Board, unless such period of suspension has already occurred. Costs of appeal to be paid by appellants.