The defendant appeals from his conviction, after a jury trial, of operating a motor vehicle while under the influence of alcohol, G. L. c. 90, § 24(1)(a )(1). His sole argument on appeal is that his motion to suppress was erroneously denied. We affirm.
When reviewing a motion to suppress, we ordinarily "accept the judge's subsidiary findings of fact absent clear error." Commonwealth v. Tyree, 455 Mass. 676, 682, (2010), citing Commonwealth v. Colon, 449 Mass. 207, 214, cert. denied, 552 U.S. 1079 (2007). Here, however, the judge made no explicit findings. Instead, he denied the motion to suppress in a margin endorsement, noting only "well-being" as the reason for the decision. We understand this notation to mean that the judge concluded that any seizure or search was justified under the community caretaking doctrine. But the judge should have made subsidiary findings to support this ultimate conclusion. In certain circumstances, the absence of subsidiary findings of fact will necessitate a remand for findings. See Commonwealth v. Isaiah I., 448 Mass. 334, 337-338 (2007). The defendant does not argue that a remand is necessary here. Nor, after carefully reviewing the defendant's arguments and the record, do we think remand is necessary. As set out further below, the material facts are undisputed and the judge credited the witness through whom they were introduced. Perhaps more importantly, the defendant's arguments turn on questions of law subject to our de novo review.
With that background in mind, we summarize the undisputed facts as testified to by the initial responding officer (deputy sheriff), whose testimony the judge's decision implicitly credited. A deputy sheriff driving down Washington Street in Norwell at approximately 1:15 A.M. noticed a car pulled off to the side of the road with its hazard lights flashing. The car was not entirely outside the white fog line and was impeding the travel lane. The defendant was outside the car slumped over by the front left tire. The deputy sheriff assumed there was mechanical trouble with the car and pulled alongside to assist. The defendant did not respond to either of the deputy sheriff's two inquiries as to whether everything was ok. The deputy sheriff approached, helped the defendant to his feet, and then "had to literally hold him up." The defendant was "uneasy on his feet" and nonresponsive. The deputy sheriff formed the opinion that the defendant was intoxicated. He asked the defendant for his license and called for backup, which arrived within minutes.
Although the deputy sheriff believed that he had the authority to arrest the defendant and also intended that the defendant not leave, he did not orally communicate these matters to the defendant. Nonetheless, the defendant contends that the deputy sheriff effectuated an unauthorized warrantless arrest no later than when he asked for, and obtained, the defendant's license. Accepting arguendo that a reasonable person in the defendant's shoes would not have felt free to leave at that juncture, see Commonwealth v. Lyles, 453 Mass. 811, 815-816 (2009), we nonetheless disagree that the deputy sheriff was without authority to stop the defendant in the circumstances.
Commonwealth v. Howe, 405 Mass. 332, 334 (1989), established that a deputy sheriff is authorized to make a warrantless arrest of a person for operating a motor vehicle while under the influence of alcohol that is committed in his presence or view and "is still continuing at the time of the arrest or only interrupted, so that the offence and the arrest form parts of one transaction." Howe, supra at 334. The defendant argues that because the deputy sheriff did not observe the defendant operate the vehicle, he was not authorized to stop him. We are not persuaded. The deputy sheriff observed the intoxicated defendant next to the car, which was pulled over by the side of the road. As indicated by the hazard lights and the car's location by the side of the road, the car appeared to be paused only temporarily while en route. Thus, although the deputy sheriff did not observe the defendant driving, it was enough that he observed that the defendant had only paused his car while on his route. See Commonwealth v. Uski, 263 Mass. 22, 24 (1928) (definition of operation). "It has long been recognized that 'a vehicle may be operated when standing still.' " Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 320 (1994), quoting from Commonwealth v. Clarke, 254 Mass. 566, 568 (1926).
For similar reasons, the stop was justified by reasonable suspicion "based on specific, articulable facts and reasonable inferences therefrom, that an occupant of the [car] had committed, was committing, or was about to commit a crime." Commonwealth v. Alvarado, 423 Mass. 266, 268 (1996). Based on his observations, the fact of the defendant's intoxication was a matter within the deputy sheriff's realm of common knowledge requiring no particular specialized knowledge. See Commonwealth v. Wall, 469 Mass. 652, 671 (2014), quoting from Commonwealth v. Taylor, 263 Mass. 356, 362 (1928) ("The 'effects of liquor upon the mind and actions of men are well known to everybody' "). Moreover, the defendant's operation of the vehicle was a matter readily inferred from the circumstances.
Judgment affirmed.