## Commonwealth *v.* Cress, Appellant.

*Criminal law and procedure—Driving motor vehicle while intoxicated—Time of offense—Testimony of drinking the day before.*

Upon the trial of an indictment, charging the defendant with driving a motor vehicle while intoxicated, it was not error to permit the introduction of testimony showing that the defendant drank liquor on the night of the 11th of September, where the charge related to an incident alleged to have happened on the morning of the next day.

*Practice, Superior Court—Custom of trial court—Statement of counsel—Record.*

The Superior Court cannot consider, upon appeal, a custom of the trial court concerning which there is no evidence in the record and which is only brought to the attention of the appellate court by an allusion thereto in the argument of counsel.

Submitted April 16, 1923. Appeal, No. 116, April T., 1923, by defendant, from judgment of Q. S. Butler Co., Dec. T., 1922, No. 15, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Alva Cress.

Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for driving a motor vehicle while intoxicated. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the admission of evidence relating to events of the day prior to the date fixed by the indictment.

*W. H. Martin,* for appellant.

*Albert C. Troutman,* District Attorney, for appellee.

OPINION BY TREXLER, J., July 12, 1923:

The defendant was charged with driving a motor vehicle while intoxicated. The indictment stated that the offense was committed on the 12th day of September, 1922. Testimony was produced showing that the defendant and those with him drank liquor on the 11th day of September. The defendant and his companions were on a trip, sat up all night in a road house, and then proceeded on their way until the accident occurred about 7 o'clock on the morning of the 12th. Certainly the amount of liquor consumed by the defendant on the 11th might have some bearing upon his condition on the 12th.

Appellant's counsel asks us to consider the matter in another light. The objection, he states, was to the introduction of proof of the commission of the crime on a day other than that named in the indictment. He admits that it is a well established rule that except where time enters into the nature of the offense, any time may be shown at the trial if it be prior to the finding of the indictment and within the period of limitation. In this case, how-

ever, he claims his client was hurt in that he was misled as to the charge he was required to meet, that it is the custom in Butler County in all cases where the Commonwealth does not intend to confine its proof to the date mentioned in the indictment, to fix the first day of the term as the time when the crime was committed. This date being admittedly assumed the defendant would thus be informed that he could go into court and ask for a bill of particulars. The matter, however, is not properly before us for there is nothing in the record to show that there is such custom. The only allusion we have is in the appellant's argument. Whether the practice is inveterate, and recognized by the court does not appear. Did the court abuse its discretion in not conforming to it, and can such practice be said to be binding either on the court or the Commonwealth? All these questions and no doubt others might be involved in the subject, but they are not now before us, and therefore, require no discussion.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed, until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.