Commonwealth *v.* Fowner, Appellant.

Argued October 8, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Daniel J. Shern,* for appellant.

*James W. Tracey, Jr.,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., January 29, 1930:

The defendant appeals from a sentence imposed on a conviction on three bills of indictment charging in-

voluntary manslaughter. The three persons killed were riding as guests in a Chrysler automobile which the defendant was driving south on Germantown Avenue in the City of Philadelphia about 12:40 A. M. on December 2, 1928. When he overtook two other cars going in the same direction and turned to the left to pass them, his car skidded to the left and then to the right of the street in front of the two machines, struck a telegraph pole and then glanced off and struck a Chevrolet car which was standing, in gear with its emergency brake on, on the right hand side of the street, and pushed it from six to ten feet. A witness testified that defendant's car "was turned upside down, with its four wheels up in the air, and the body was just knocked completely off the chasis." The bodies of two of the occupants were found lying in the street and that of the third was found twenty-five or thirty feet from the car, on the pavement near the steps of the town hall. One of the witnesses for the Commonwealth testified that his attention was attracted to defendant's car by the screeching of brakes; that when he looked he saw defendant's car start "to sway, first on two wheels and then on the others, it was on the two left wheels, when it shot around these two cars and got right in front of those two cars, cut right in front of those two cars," and ran into the pole, and "glanced off the pole and struck a Chevrolet that was standing there." When this witness was asked how fast the car of the defendant was moving he said: "He was skidding when I first saw him, when my attention was attracted by the rubber, he was skidding thirty-five miles an hour with his brake on at the time when I saw him." The defense was that defendant was driving at a reasonable rate of speed and that the accident was caused by the locking of the brakes and the catching of the tires in the street car rails.

No question is raised in this appeal as to the suffi-

ciency of the evidence to sustain the conviction. The single complaint is that the charge was erroneous. It is urged that there was an inadequate review of the evidence, a stressing and emphasizing of the evidence of the Commonwealth, a minimizing of the evidence of the defendant, an interference with the right of the jury to draw the inferences warranted by the testimony, and that the court stated as an established fact a fact which could be found only by the jury.

Our examination of the charge in the light of a careful reading of the evidence has not convinced us that any of these complaints have substantial merit. In our opinion the court fairly submitted to the jury the question whether the defendant ran his car carelessly and recklessly under the circumstances. The judge said: "If this young man was driving at a reasonable rate of speed under the circumstances and you find under the facts that this sad thing happened the way he said it happened ...... the mere fact that three deaths occurred as a result of the accident would not convict him." The principal complaint urged upon us is that the trial judge instructed the jury that in determining the question of the speed at which the defendant's car was being operated at the time of the accident, they could consider the uncontroverted physical facts, such as the distance the car ran after the accident, the distance it moved the Chevrolet car, its condition after the accident, and the distance the bodies of some of the victims were thrown from the car. This was entirely proper. These were matters which tended to show both excessive speed and lack of control. In referring to the right of the jury to consider the uncontroverted physical facts, as well as the opinions of witnesses in passing upon the question of the defendant's negligence in the operation of the car, the judge stated as a fact that one body was found twenty-five or thirty feet away from the defendant's car which,

said the court, constituted "more physical facts which may help you to determine the manner of the operation of the car by the defendant." Counsel for appellant urge that it was wrong and harmful to defendant to refer to this fact as undisputed, because the testimony of one of the witnesses was to the effect that this body had been moved by someone after it was thrown from the car. This amounts to a complaint as to a misstatement of the evidence. It should have been called to the attention of the trial judge at the close of the charge, but was not. A general exception to the charge, which is the only exception that was taken, does not bring the matter before us for review in this appeal. We are of one mind that the case was carefully tried and fairly presented in the charge to the jury by the trial judge, and that the record is free from reversible error. Further discussion seems unnecessary.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.