Opinion by
 

 Rhodes, J.,
 

 Defendant was tried on three indictments: (1) Involuntary manslaughter; (2) aggravated assault and battery; and (3) operating a motor vehicle while under the influence of intoxicating liquor.
 

 The jury returned a verdict of guilty of operating a motor vehicle while under the influence of intoxicating liquor, and of not guilty as to the other two charges. Defendant moved for a new trial, and also made a motion in arrest of judgment. Both motions were refused, and defendant was sentenced. She has appealed.
 

 The only question raised on this appeal is whether there was competent evidence to sustain the verdict of guilty on the charge of operating a motor vehicle while under the influence of intoxicating liquor.
 

 Appellant’s fourth assignment of error relates to the refusal of the court below to allow appellant’s motion in arrest of judgment. Insufficiency of evidence gives no support to a motion in arrest of judgment, but does support a motion for a new trial.
 
 Commonwealth v. Jones,
 
 303 Pa. 551, 154 A. 480. In
 
 Commonwealth v. Bateman,
 
 92 Pa. Superior Ct. 53, at page 56, this court held: “Judgments can only be arrested, in criminal cases, for causes appearing upon the face of the record; this is a general rule, and is well settled; an exception exists when pardon is pleaded before sentence. The record to be considered consists of the indictment, the
 
 *31
 
 plea and issue and verdict. The evidence in the ease forms no part of the record within the rule that a motion in arrest of judgment can be based only on matters of record; and hence defects which appear only by aid of evidence cannot be the subject of such a motion.” gee also
 
 Commonwealth v.
 
 Grant, 121 Pa. Superior Ct. 399, 183 A. 663. The other assignments relate to the refusal of the trial judge to direct the jury to acquit appellant on the ground that the evidence adduced by the Commonwealth was insufficient in law to warrant a conviction of operating a motor vehicle while under the influence of intoxicating liquor, the refusal of a new trial, and the entering of the sentence.
 

 It appears that appellant was employed at an inn near Altoona. On the evening of February 19, 1937, a party of three men visited the inn, where they remained until about 2:30 the following morning. The place closed about that time, and appellant was invited by one of the men, William Seibert, to accompany him to Altoona. After some delay, Seibert, Jerome Kimmel, and appellant started on their way to Altoona in Seibert’s truck, which was being operated by appellant. About a quarter of a mile from the inn the truck proceeded across the highway to the left-hand side, thence over a 4% foot berm, and, at a 45 degree angle, up and over an embankment about 4% to 5 feet high and having a grade of 80 to 90 per cent. It continued through an orchard about 35 feet to an excavation which was about 36 feet across. The marks of the truck ended at the top of this excavation. There were no apparent markings in the bottom of the excavation; the markings reappeared on the other side. There the truck came to rest with the rear wheels on top of the bank and the front end in the excavation. The ground was so torn up that there were no distinguishable tire marks at that point. There were tire marks on the highway,
 
 *32
 
 which was dry and virtually straight, for approximately 50 feet before the truck turned left across the highway at about a 45 degree angle. These marks' were then apparent for about 36 feet more before the truck reached the berm. In the truck Kimmel had been sitting next to appellant, who was driving, and next to Kimmel was Seibert. Appellant was found pinned under the truck, in a semiconscious condition, while Seibert was lying on the ground unconscious. Appellant and Seibert were removed to the hospital; the latter died within an hour. Appellant had partaken of both beer and whiskey during the evening. The testimony was conflicting as to the quantity, but appellant admitted that she drank some. Appellant insisted upon driving the truck because she thought she was more capable of driving than Seibert, who also had been drinking. Seibert, who occupied the seat with appellant and Kimmel, according to the testimony of Kimmel, requested appellant not to drive so fast. Kimmel also testified that he noticed the truck swerve to the left, and that was all that he knew until he recovered consciousness after the accident.
 

 Appellant testified that either Kimmel or Seibert bumped her arm, and that the wheels of the truck then started to shimmy or wabble; that she tried to get it under control when some one grabbed the steering wheel, throwing the truck over to the left-hand side of the highway; and that at that time she must have become excited and stepped on the gas instead of the brake. Kimmel, who was sitting next to her, testified that no one bumped her arm or grabbed the steering wheel. A statement which she gave two days after the accident was offered in evidence by the Commonwealth. In this she said that she had no alcoholic drinks on the evening of February 19th or the early morning of February 20th before operating Seibert’s truck. At the trial she
 
 *33
 
 testified that this statement was not correct, and that she fiad had something to drink prior to operating the truck.
 

 Appellant contends that there was no evidence that the liquor which appellant imbibed before operating Seibert’s truck influenced her to any degree, and that the jury could only guess at. her condition. On behalf of appellant, counsel argues that, for the jury to come to the conclusion that appellant was operating a motor vehicle while under the influence of intoxicating liquor, it was obliged to disregard the testimony of the Commonwealth’s witnesses. Kimmel, who was called by the Commonwealth, testified: “I did not notice anything wrong with her.” Mrs. Margaret Ellenberger, who operated the inn and who was the employer of appellant, was likewise called by the Commonwealth, and she testified that appellant, when she left- the inn, “was sober.” This witness was also called by the defense, and testified: “Well, I have been operating that place for four years around where people are drinking, I know when people are sober and when people are drunk, I know when you consider them drunk. Q. When she left your place was she able to drive by reason of her condition? A. Yes. Q. Was there anything wrong with her? A. No.” Francis Brenner, bartender at the inn, when called by the Commonwealth, testified that he had served appellant with four bottles of beer between 8 p.m. and midnight, and when called as a witness for the defense testified that appellant “was sober, the way she was acting, no thick-tongue talking.” Charles Hughes, a witness for appellant, testified that appellant, before operating the truck, was not under the influence of liquor but was perfectly sober.
 

 The credibility of the witnesses was for the jury, which saw as well as heard them. The Commonwealth was not bound by appellant’s statement which was
 
 *34
 
 offered in evidence. The jury could believe part and reject part if they had grounds for so doing.
 
 Com. v. Rush,
 
 277 Pa. 419, 121 A. 111. Nor was the testimony of Kimmel and Mrs. Ellenberger conclusive or determinative as to appellant’s condition. Other testimony showed facts from which the jury was justified in finding that appellant was, on the morning of February 20, 1937, operating a motor vehicle while under the influence of intoxicating liquor. It is not disputed that appellant had been drinking intoxicating liquors during the evening or early morning prior to operating Seibert’s truck. Proof that appellant’s indulgence in intoxicating liquors before operating the truck tended to deprive her of that clearness of intellect and control of herself that she otherwise would have possessed, did not depend solely on the opinions of the witnesses as to her condition. Manifestations of appellant’s being “under the influence of intoxicating liquor” while driving the truck could be found from the facts in evidence. In reaching a conclusion it was proper for the jury to consider the course which the truck followed on the highway, and the way it acted; that it ran over the berm and up the steep embankment without upsetting; that it proceeded through the orchard and across the excavation. With the other facts, the jury could draw some inferences from the location and condition of the truck at the time it came to rest. See
 
 Com. v. Fowner,
 
 97 Pa. Superior Ct. 566. The tire marks on the highway were indicative not only of excessive speed, but of lack of control. There was testimony that for approximately 50 feet these marks were very deeply impressed upon the highway, and were such as would be made by applying the brakes on a fast moving motor vehicle; that then they turned to the left across the highway at about a 45 degree angle, and for approximately 36 feet before reaching the berm they were vis
 
 *35
 
 ible, but not so heavily impressed. It would thus appear that appellant was driving the truck along the highway at a reckless rate of speed. It is significant that within a quarter of a mile it attained a speed which brought a protest or warning from Seibert, whom appellant considered unfit to drive his truck because of his previous drinking. It was also proper for the jury to take into consideration such conduct of appellant as bearing upon her condition.
 

 It was not necessary for the Commonwealth to prove that appellant was drunk or even intoxicated. “All that the statute requires is that the appellant be under the influence of intoxicating liquor while operating a motor vehicle. Act of May 1, 1929, P. L. 905, Art. 6, §620(f), as amended by Act of June 22, 1931, P. L. 751, §2, 75 PS §231 (f). The expression, ‘under the influence of intoxicating liquor,’ covers not only all the well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive one of that clearness of intellect and control of himself which he would otherwise possess.
 
 State v. Rodgers,
 
 91 N. J. Law, 212, 102 A. 433; Words and Phrases (Third Series), vol. 7, p. 683”:
 
 Com. v. Buoy,
 
 128 Pa. Superior Ct. 264, at page 267, 193 A. 144, at page 145.
 

 We have carefully examined the record, and are of the opinion that there was sufficient evidence from which the jury could find beyond a reasonable doubt that appellant was guilty of operating a motor vehicle while under the influence of intoxicating liquor. The case was properly left to the jury, and the verdict was fully justified under all the evidence.
 

 Judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as she may be there called, and that she be by that court com
 
 *36
 
 mitted until she has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.