Commonwealth *v.* Schutzman, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Milton Fine,* with him *Samuel Krimsly* and *Theodore A. Tenor,* for appellant.

*Clyde Holt, Jr.,* Assistant District Attorney, with him *William Coghlan,* District Attorney, for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

Defendant appeals from a conviction of operating a motor vehicle while under the influence of intoxicating liquor. The verdict established: That on the day of defendant's arrest he had been selling merchandise to taverns in Beaver County and at approximately 9:00 p.m. was driving toward New Brighton. His car veered back and forth across the highway in much the same manner as a sailboat travelling into the wind. He drove his car into an ash heap instead of making a turn at the foot of a street and stalled the motor. He finally

got out of the car, parked it in the center of the street, and attempted to enter a tailor shop which, of course, was closed. He then entered a tavern next door. His conduct was reported to the police, who came immediately and located the defendant in a tavern across the street from the one he had first entered. The officers testified that he was intoxicated, staggered as he walked, that his speech was slurred, and he needed help in order to go down steps. An hour later a physician pronounced him intoxicated and unfit to operate a motor vehicle. At this doctor's office he admitted that he had something to drink before he reached New Brighton. There was sufficient evidence to sustain the conviction.

The whole defense was that the defendant drank *after* he had finished driving the car, but he had admitted that he had been drinking before. The jury was justified in finding that defendant was under the influence of intoxicating liquor to an extent which tended to deprive him of that clearness of intellect and control of himself that he would otherwise possess: *Commonwealth v. Buoy*, 128 Pa. Superior Ct. 264, 193 A. 144.[1] Defendant's claim that the fumes from the exhaust entered his car and affected his driving was not very plausible, and certainly not conclusive. The case was not stenographically reported and the Commonwealth and defendant stipulated the facts; however, according to the opinion of the court below (filed prior to the appeal) the defendant testified that he had drunk something at the second tavern, *but the bartender testified that he had not.*

---

[1] See also *Commonwealth v. Cress*, 81 Pa. Superior Ct. 519; *Commonwealth v. Long*, 131 Pa. Superior Ct. 28, 198 A. 474; *Commonwealth v. McConaghy*, 151 Pa. Superior Ct. 26, 29 A. 2d 348; *Commonwealth v. Carnes*, 165 Pa. Superior Ct. 53, 67 A. 2d 675; *Commonwealth v. Marks*, 164 Pa. Superior Ct. 280, 64 A. 2d 207.

Judgment affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.