## Commonwealth v. Hogue

*Perry L. Reeher*, district attorney, for Commonwealth.

*Allen D. Keller*, for defendant.

BRAHAM, P. J., September 29, 1954.—Defendant is charged with operating a motor vehicle while under the influence of intoxicating liquor. His counsel and the district attorney have joined in a stipulation of facts upon the basis of which the court is asked to decide the guilt or innocence of defendant.

The facts so established are as follows:

"The defendant, Homer John Hogue, resides at Twelfth Street Extension in the Borough of Ellwood City, Lawrence County, Pennsylvania. His accustomed route in traveling from the business section of Ellwood City to his home is by way of Ninth Street in the said borough. Ninth Street slopes northward at a sub-

stantial degree from Crescent Avenue to Lawrence Avenue.

"A Ford Sedan owned by one Roland C. Whitlash of Beaver Falls, Pennsylvania, was parked on the west side of Ninth Street with the front or engine pointing southward. On or about 1:10 a.m. Daylight Saving Time, April 25, 1954, the defendant entered the said parked Ford Sedan on the driver's side of the car. The defendant entered the said automobile without the knowledge or consent of the owner. The automobile could not be started without the key for the ignition and no key was present in the ignition lock, nor did the defendant have any such key.

"The said Ford Sedan drifted backward in a northerly direction along the west curb of Ninth Street for a short distance, the rear bumper of the Ford Sedan striking the bumper of another car parked on the same side of the street. No damage was done to either automobile. The defendant was found slumped over the steering wheel at the time of his arrest by the Ellwood City Police.

An examination of the defendant immediately after his arrest disclosed that he was bleeding from the mouth and nose and was in a very drunken condition.

Two questions of evidence emerge from this record. First, if one so manipulates an automobile, without starting the motor, that the automobile moves down the public street, is he driving the car within the meaning of the statute which forbids driving while under the influence of intoxicating liquors? Second, is it to be fairly presumed from the facts presented that defendant released the brake and this made it possible for the car to move?

The first question may be readily answered. One who allows the automobile to coast without using the engine is driving it; the process of free wheeling is

only one of the means of locomotion possible with an automobile. It would be strange if The Vehicle Code ceased to apply once the driver shut off the switch. In Commonwealth v. Underkoffler, 32 D. & C. 183, Judge Boyer, of Bucks County, expressed the belief that one who gets behind the steering wheel of a car intending to operate it may be guilty of an attempt even if he never starts the motor.

May we justly infer from this evidence that defendant released the brake and allowed the car to move? This question may be best understood by considering how circumstantial evidence is employed to prove the driver's intoxication. In Commonwealth v. Long, 131 Pa. Superior Ct. 28, the driver drove a truck over the berm of the highway, up a steep embankment, through an orchard, and across an excavation. In Commonwealth v. Schutzman, 169 Pa. Superior Ct. 72, defendant drove a car back and forth across the highway, drove it into an ash heap instead of making a turn, stalled the motor, started it again, and then parked it in the center of the street. In each case the manner of driving was held to warrant the inference that defendant was drunk when he drove.

In the case at bar, defendant was admittedly very drunk. He got into the driver's seat of a car not his own which was parked on the side of the hill. The car, which had been stationary, ran backward down the hill until it collided with the other car. Defendant was found slumped over the wheel bleeding from nose and mouth and in a drunken condition. It may reasonably be inferred that the car moved because he attempted to drive it and, although lacking a key to start the motor, was able to release the brake and allow the car to move.

This evidence warrants a verdict of driving while under the influence of intoxicating liquor. Accordingly, we make the following

620

*Verdict*

Now, September 29, 1954, defendant is found guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor.