**Commonwealth v. Balmer**

*O. Warren Higgins,* for Commonwealth.
*John G. Siegle,* for defendant.

REED, J., July 20, 1970.—Defendant, Roland Balmer, was tried and found guilty by a judge without a jury for operating a motor vehicle under the influence of intoxicating liquor. Defendant has filed a motion in arrest of judgment.

The evidence viewed most favorably to the Commonwealth establishes that defendant, at about 7:45 p.m., on July 28, 1969, was operating his car in a southerly direction on Chester Road in Swarthmore when, at the underpass of the Pennsylvania Railroad, the right rear of the vehicle struck the right wall of the underpass, sending the vehicle into a "very bad skid" and across the road into the front of an oncoming car traveling northwardly. It was raining very hard and visibility was poor.

One witness for the Commonwealth and the officer who came upon the scene, found defendant in his car some feet away, somewhat dazed, with an odor of alcohol on his breath. The officer believed him to be intoxicated. Defendant refused the Mobat test. The doctor's report indicated: Defendant had an odor of alcohol, was quiet, but with poor coordination and

poor sense of ideation; he had no staggering gait, although he had good station with no exaggerated reflexes; and defendant had no recollection of any event for the past two hours; defendant said he had had eight or nine beers.

Defendant testified he had had four 4-oz. glasses of beer at about 4:30 p.m. and thereafter drove home from Roxborough in Philadelphia, to Springfield, Delaware County, Pa., had dinner and went out on this drive. He said he may have told the doctor he had eight or nine beers.

Will this evidence support a conviction? Upon reflection, we conclude it cannot.

The only evidence of driving under the influence is really the odor of alcohol, which standing alone cannot support a conviction: Commonwealth v. Rouchie, 135 Pa. Superior Ct. 594, 7 A. 2d 102. The other conditions existent at the time lead to one or the other of two conclusions.

The weather conditions could have caused the car to hit the wall and spin, or it may have been alcohol. Defendant's dazed condition, poor coordination and poor sense of ideation, could as well have been the result of the accident as alcohol.

The Commonwealth must prove its case beyond a reasonable doubt. When one of two possible conclusions are presented, defendant is entitled to the benefit of the one most favorable to him. These issues should have been resolved in defendant's favor.

The evidence is, therefore, insufficient to sustain the conviction.

## ORDER

And now, July 20, 1970, defendant Roland Balmer's motion in arrest of judgment is granted, a verdict of not guilty is hereby entered, and defendant is discharged.