Commonwealth *v.* Palmer, Appellant.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William J. Rundorff*, First Assistant Public Defender, and *John J. Regule*, Public Defender, for appellant.

*Robert F. Banks*, First Assistant District Attorney, and *Joseph J. Nelson*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 21, 1974:

This is a direct appeal by Robert Palmer, following his conviction by a jury on two counts of aggravated assault and battery on a police officer. Post-trial motions for new trial and in arrest of judgment were denied and appellant was sentenced to not less than 1½ years nor more than 5 years in prison, with credit for time spent in jail awaiting trial.

It is the contention of the appellant that the evidence is insufficient to support his conviction. Reviewing the evidence in the light most favorable to the verdict winner, as we must, *Commonwealth v. Portalatin*, 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972), we find his contention to be without merit, and will affirm the judgment of sentence.

The facts of the case, from such a review, are that on May 3, 1972, at 11:16 p.m., police officers of the Farrell Police Department received a call reporting a disturbance at the David James Hotel in Farrell. Three officers arrived in two cruisers, with Captain Madasz arriving first and Officers Linonis and Popadak fol-

lowing shortly thereafter. They encountered a large crowd standing outside the doorway of the hotel.

Captain Madasz entered the bar and saw two men at the rear, fighting. One man held a cue stick, which Captain Madasz took from him. He advised the man, a Mr. Odem, that he was under arrest and took him into custody. The other combatant, a Mr. Brooks, was also placed under arrest at that time by Officer Popadak, who had just arrived at the scene. Mr. Odem submitted peacefully, but Mr. Brooks swung his arms and kicked at Officer Popadak. While Officer Popadak endeavored to restrain Mr. Brooks, Officer Linonis entered the bar and assisted Officer Popadak. Mr. Brooks then assaulted both of these officers before he was subdued.

The policemen then moved toward the door with their prisoners. The crowd which had gathered outside when the fracas ensued still remained, and Captain Madasz saw two men from the crowd throw stones "approximately the size of a soft ball" (NT 35) at the officers. He saw one of the rocks strike Officer Popadak on the head and one strike Officer Linonis' face with such force that Linonis fell to his knees. Captain Madasz identified the men who threw the rocks as the appellant, Robert Palmer, and a Robert Wright.

Once the officers reached the sidewalk, they were accosted by appellant and Mr. Wright, who demanded to know what was happening and why Brooks was arrested. Appellant and Wright persistently interfered with the officers and succeeded to the extent that the prisoner Brooks escaped. However, Brooks was soon recaptured and placed in a police cruiser, although Palmer and Wright also hampered the officers' ability to accomplish this task.

The Commonwealth offered medical testimony as to the extent of the injuries sustained by Officers Linonis and Popadak. The record reveals that Officer Popadak suffered a laceration and contusion of the left temporal

lobe which bled profusely and caused him considerable discomfort. Sutures were required to close the wound, which was the result of Popadak's being hit in the head by the rock hurled at him. Officer Linonis received multiple injuries, none of which required sutures. Linonis testified that he sustained an injury to his mouth when he was kicked by Mr. Brooks. At the time he was kicked, Officer Linonis was kneeling on the ground, having fallen there as a result of the rock striking him in the face. Linonis had lacerations above and below his right eye and swelling and discoloration of the eye which the doctor testified would "undoubtedly set into something more severe." (NT 46) Linonis was bleeding from the eye wounds and lip wounds when examined by Doctor Harrer.

The appellant argues that his conviction on two counts of assaulting a police officer, the first with regard to Officer Linonis and the second concerning Officer Popadak, was not justified under the Commonwealth's evidence. Appellant asserts that the Commonwealth did not prove that the rock which appellant threw struck both officers, and failed to prove that appellant acted in concert with Mr. Wright so as to be liable as an accomplice for Wright's actions.

Regarding the liability of accomplices, we note that the lower court properly charged the jury when it stated: "There is another principle of law that I want to familiarize you with and that principle of law, as I understand it to be is, that if two or more persons are doing something in concert then the result of their unlawful act done in concert is attributable to both of them. Now that may not be well stated but let me go further and explain it to you. If you find that Robert Palmer and somebody else or more than one other person were throwing rocks in the barroom when the Police were in there and that one of those rocks struck Officer Popadak and one of them struck Officer Li-

nonis, it is not necessary that you attribute or trace that rock to Robert Palmer. If he and other people were throwing rocks and one of them hit the Police Officer, the law is that they were acting in concert and, therefore, the act of one may be attributable to all of them. And if a rock hit one Police Officer or both of them and if you find that the Commonwealth has proved beyond a reasonable doubt that Robert Palmer was one of the rock throwers then any injury resulting could be attributable to him, provided the Commonwealth of Pennsylvania has proved beyond a reasonable doubt that he was throwing a rock." (NT 134)

Under this charge, if the jury found Wright and Palmer to be accomplices, then both were liable for the acts of the other. The issue which the jury has to resolve was, therefore, one of credibility; i.e., whether to credit the testimony of the Commonwealth, which indicated the complicity of appellant and Wright, or that of appellant denying the common plan. As the court said in *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A. 2d 114, 117 (1972): "Where the evidence is conflicting, the credibility of the witnesses is solely for the jury and if its finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed."

The jury in the instant case credited the Commonwealth's case, wherein appellant and Wright were shown to have interfered with the police officers in the execution of process and to have hurled heavy rocks which struck the officers as they attempted to make a valid arrest. That the Commonwealth could not prove which man, Palmer or Wright, threw which rock is not material. The Commonwealth proved that each man threw rocks and that they acted in concert during this entire series of events, which culminated in the treatment of Officers Linonis and Popadak for serious injuries. This evidence was clearly sufficient to sustain

appellant's conviction. *Commonwealth v. Rife*, 454 Pa. 506, 312 A. 2d 406 (1973). As the Court said in *Commonwealth v. Strantz*, 328 Pa. 33, 40, 195 A. 75, 79 (1937): "If one aids and abets in the commission of a crime, he is guilty as a principal. One is an aider and abettor in the commission of any crime, i.e., he has 'joined in its commission,' if he was an active partner in the intent which was the crime's basic element. Chief Justice GIBSON in Rogers v. Hall, 4 Watts 359, said: 'The least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all.' No principle of law is more firmly established than that when two or more persons conspire or combine with one another to commit any unlawful act, each is criminally responsible for the acts of his associate or confederate committed in furtherance of the common design. In contemplation of law the act of one is the act of all." [Omitting cases.]

We conclude that there was sufficient evidence of shared criminal intent and activity in the instant case to uphold the conviction of appellant as an accomplice and to hold him liable for his own acts and those of Wright.

The judgment of sentence is affirmed.