Commonwealth *v*. Reeves, Appellant.

444

Argued June 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Miller*, with him *Miller, Kistler, Campbell, Mitinger & Beik*, for appellant.

*Robert A. Mix*, Assistant District Attorney, with him *Charles C. Brown, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 1, 1975:

Following a jury trial, appellant was found guilty of driving under the influence of intoxicating liquor,[1] and was sentenced to pay a fine of $500. In this appeal, appellant raises only the question of whether the evidence presented was sufficient to support a finding of guilt beyond a reasonable doubt. We find that the evidence was sufficient and will, therefore, affirm the judgment of sentence.

The facts briefly stated indicate that appellant was involved in a head-on collision with another car in August, 1971. Appellant was severely injured and was taken to the hospital before the investigating officer, Pennsylvania State Police Trooper Ronald Ritter, arrived at the scene. The driver of the other car was not so fortunate and was

---

1. Act of April 29, 1959, P.L. 58, §1037 (75 P.S. §1037).

killed in the crash. Trooper Ritter first talked to appellant at the hospital approximately two hours after the accident. At this time, appellant was in critical condition and in severe pain due to paralysis of the lower extremities, a neck injury, and shock. When Trooper Ritter questioned appellant, he detected an odor of alcohol on appellant's breath and noted that appellant's speech was rambling and incoherent.

In testing the sufficiency of the evidence, we must review the testimony in a light most favorable to the verdict winner. *Commonwealth v. Palmer*, 229 Pa. Superior Ct. 1, 323 A.2d 69 (1974). In so doing, we will accept as true the Commonwealth's evidence and all reasonable inferences arising therefrom. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970). The test of the sufficiency of the evidence is whether, accepting as true all evidence, regardless of whether it is direct or circumstantial, upon which, if believed, the fact-finder could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. *Commonwealth v. Chasten*, 443 Pa. 29, 275 A.2d 305 (1971) ; *Commonwealth v. Whiting*, 409 Pa. 492, 187 A.2d 563 (1963).

So viewed, the appellant was involved in a violent head-on collision in which the operator of the oncoming car was killed instantly. Appellant's automobile crossed the center line of the highway and crashed into the decedent's automobile. This violent crash occurred when appellant's car was in the oncoming lane of traffic. Immediately before the crash, appellant's car, then in the wrong lane, had driven another oncoming car from the highway, that fortunate witness barely averting the fate of the decedent by swerving his car off the highway and clearing appellant's car by a mere six to eight inches. The weather was clear and dry. Physical evidence consisting of damage to the cars, impact marks on the berm and banks of the road and other similar facts would

indicate tremendous speed. After appellant was moved to a hospital, Trooper Ritter, who prior to going to the hospital had made an investigation of the accident scene, found appellant on a hospital litter, incoherent, mumbling, unaware of his surroundings and with the odor of alcohol on his breath. This state trooper at trial expressed his unequivocal opinion that the appellant was under the influence. The appellant's attending physician would not rule out this condition, but would not express an opinion.

Under this state of the record, the evidence is sufficient in law to prove beyond a reasonable doubt that the appellant is guilty of the crime of driving under the influence. The case at bar is directly controlled by the decisions of this court in *Commonwealth v. Cave*, 219 Pa. Superior Ct. 512, 281 A.2d 733 (1971), and *Commonwealth v. Long*, 131 Pa. Superior Ct. 28, 198 A. 474 (1938). In both these cases, convictions for driving under the influence were affirmed based on drinking plus the circumstances of the accident.

In *Critzer v. Donovan*, 289 Pa. 381, 385, 137 A. 665, 666 (1927), the Pennsylvania Supreme Court said:

"Standing alone the odor of liquor does not prove, nor is it evidence of, intoxication; joined with other facts it may become so."

It was basically from this statement of the law that our court formulated its decision in *Commonwealth v. Cave*, *supra*. It is impossible to distinguish the instant case from prior precedent.

The judgment of sentence is affirmed.

---

DISSENTING OPINION BY CERCONE, J.:

Appellant was involved in a fatal two car collision in August, 1971 in Centre County. He received severe injuries and was taken to a hospital prior to the time that the investigating officer, Trooper Ronald Ritter of the State Police, arrived at the scene. Trooper Ritter inter-

viewed appellant at the hospital approximately two hours after the accident. At this time appellant was paralyzed from his waist down, was in severe pain from a neck injury and was in a state of shock. The attending physician, Dr. Cullen, testified that appellant was in critical condition as a result of his extensive injuries. When Trooper Ritter questioned appellant he detected an odor of alcohol on appellant's breath and observed that appellant's responses to the questioning were incoherent and rambling. Trooper Ritter concluded that appellant was intoxicated and placed him under arrest for driving under the influence of liquor.[1] Following presentation of the Commonwealth's case appellant demurred to the evidence. The demurrer was overruled. The jury returned a verdict of guilty and appellant was sentenced to pay a fine of $500.00. This appeal followed. The sole question for our determination is whether the evidence presented was sufficient to support a finding of guilt beyond a reasonable doubt. I am compelled to conclude that it was not and would reverse appellant's conviction.

In evaluating appellant's claim that the evidence was insufficient to support his conviction, this court must consider whether, accepting as true all the evidence both direct and circumstantial, and all the reasonable inferences therefrom, upon which if believed the trier of fact could have properly based its verdict, the evidence was sufficient in law to prove beyond a reasonable doubt that the appellant is guilty of the act for which he has been convicted. *Commonwealth v. Dawkins*, 227 Pa. Superior Ct. 558, 332 A.2d 715 (1974) ; *Commonwealth v. Hornberger*, 441 Pa. 57, 60 (1970). Also, we must consider the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Armbruster*, 225 Pa. Superior Ct. 415, 420 (1973). Circumstantial evidence may be sufficient to convict, but strong suspicion, conjecture or

---

1. Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037.

supposition are not. *Commonwealth v. Herman*, 227 Pa. Superior Ct. 326 (1974) ; *Commonwealth v. Wilson*, 225 Pa. Superior Ct. 513 (1973).

The Commonwealth's case is based upon the testimony of two witnesses, Michael Brandt, a companion of the deceased driver who was driving the car immediately ahead of that driven by the deceased, and Trooper Ritter. Brandt testified that he was driving at about forty-five to fifty miles per hour when he first saw the Reeves vehicle approaching him at a distance of about sixty feet in the opposite lane. At that time the Reeves vehicle began to cross the center line into Brandt's lane. Brandt slowed down and swerved to the right causing the wheels on the right side of his vehicle to go onto the berm. Brandt testified that appellant's vehicle passed him when it was in Brandt's lane of travel, with only a six to eight inch clearance, and then struck the vehicle driven by the deceased head-on about five car lengths behind Brandt's car. Brandt's estimate of the speed of appellant's vehicle, based upon his momentary observation, was stricken by the trial judge, who instructed the jury to disregard it. It is undisputed that appellant's vehicle crossed the centerline and was in the opposite lane of travel when the collision occurred.

Trooper Ritter testified that he first saw appellant approximately two hours after the accident at the hospital. Appellant was in shock, severely injured and in critical condition at the time. Ritter testified that, in response to questioning, appellant was able only to mumble in a barely audible voice that he was only "doing 55 miles an hour." Also, in leaning close to appellant to hear his responses, Ritter noticed the odor of alcoholic beverage on appellant's breath. Ritter summarized his conclusions as follows :

"Q. And probably the fact that he was, as you have said, incoherent at that time, you then determined that you believe him to be under the influence?

A. It was that plus the mere fact that I smelled the odor of alcohol on his breath. That is what convinced me that he was under the influence of intoxicants. Through my preliminary investigation at the scene of the accident, the great amount of damage, the speed which I believe the vehicle to have travelled, the fact that when I spoke with Mr. Reeves, the fact that he kept repeating he was travelling only 55 miles an hour, this gave me to feel that Mr. Reeves was under the influence."

However, Trooper Ritter was not permitted to testify concerning his conclusion as to the speed of appellant's vehicle at the time of the collision. At sidebar, the Commonwealth revealed its intention of eliciting from Ritter a statement that, based upon his investigation of the skid marks and other physical evidence, Ritter had concluded that appellant's vehicle was traveling at 70 to 80 miles an hour at the time of impact. The following colloquy ensued:

"MR. MILLER: Of course, we would object to that. He certainly is not competent to make a conclusion.

THE COURT: I would have to sustain that objection. Actually, if you have two cars going toward each other, each going 50 miles an hour you have an impact of 100 miles an hour and I think it is too conjectural at this point."

At no point did Trooper Ritter testify as to the speed of appellant's vehicle.

Dr. Cullen, the attending physician when appellant was brought into the hospital, testified that no one, layman or medical expert, could determine whether or not appellant was under the influence of liquor or drugs from his speech, physical actions or lack of coherence. Dr. Cullen testified that any lack of coherence could be explained as easily by shock and the extreme nature of appellant's injuries. Therefore, it is my view that appellant's

responses cannot be used to support a conclusion or inference of intoxication when those responses may be readily explained by appellant's state of shock and extensive physical injuries. See *Commonwealth v. Balmer,* 50 Pa. D. & C. 2d 560 (1970).

We are left, therefore, with the fact that there was an odor of alcohol on appellant's breath[2] and the fact that his vehicle left its proper lane of travel, crossed the center line and struck the vehicle driven by the deceased head on.

Standing alone, the mere odor of liquor does not prove intoxication. *Ropele v. Stewart,* 185 Pa. Superior Ct. 522 (1958). Nor does drinking intoxicating liquor prove unfitness to drive. *Balla v. Sladek,* 381 Pa. 85, 93, 112 A.2d 156 (1955). A causal connection between the drinking and the accident must be established in order to support an inference of unfitness to drive when there is no evidence other than consumption and a subsequent accident. *Commonwealth v. Cave,* 219 Pa. Superior Ct. 512 (1971).

The majority cites *Cave,* supra, along with *Commonwealth v. Long,* 131 Pa. Superior Ct. 28 (1938), for the proposition that mere consumption of alcoholic beverages, as evidenced by the odor on appellant's breath, along with facts surrounding the accident itself which tend to show intoxication, will support a conviction for driving under the influence. While this is true, both *Cave* and *Long* are distinguishable on their facts from the instant case.

In *Cave,* the defendant admitted consuming "a few beers" shortly before the accident which occurred less than a mile from the tavern where the consumption took place. In addition, several witnesses testified as to defendant's excessive speed and his passing three cars while crossing a double yellow "no passing" center line

---

2. A blood sample was taken and analyzed but the results were suppressed prior to trial. *Commonwealth v. Reeves,* 7 C.C.L.J. 123, affirmed 223 Pa. Superior Ct. 51 (1972).

shortly before the fatal impact which resulted when defendant failed to negotiate a curve. This court held that Cave's erratic manner of operation over a distance of highway and excessive speed, observed *prior* to the collision, together with the drinking could support an inference that the drinking was a contributing factor in the accident. In the instant case, however, there is no evidence of excessive speed in the record. Nor is there evidence of any erratic or reckless manner of driving *prior* to the time when appellant's vehicle crossed the center line and struck another vehicle that would tend to show or establish that the undetermined amount of alcohol which appellant apparently consumed adversely influenced the operation of his vehicle. The evidence reveals that the crossing of the center line occurred only a few brief moments before the collision. Unlike the situation in *Cave,* in which there was prior observation of erratic driving and speeding, this accident may have resulted from momentary inadvertence or inattention on Reeves' part, despite a strong suspicion that he was driving while under the influence of intoxicating liquor.

In *Commonwealth v. Long,* 131 Pa. Superior Ct. 28 (1938), there was evidence that Long had consumed an undetermined quantity of whiskey and beer not long before the truck which she was driving skidded sharply, left the road, went up an embankment and came to rest in a ditch. There, this court affirmed the conviction of operating a motor vehicle under the influence based upon the drinking plus the circumstances of the accident. There was in that case, however, testimony by a passenger of Long as to her excessive speed immediately before her loss of control, as well as other evidence of excessive speed supplied by the testimony of the investigating officer. In the instant case, all conclusions as to excessive speed were excluded by the trial judge.

Further, in *Cave* and *Long* there was specific evidence of consumption of intoxicating liquor shortly before the

accidents in both cases. In *Cave,* the accused admitted consuming an undetermined quantity of beer. In *Long,* there was evidence that the defendant consumed an undetermined quantity of both whiskey and beer not long before the accident. This kind of evidence is conspicuously absent in the instant case. The only evidence here of consumption is an odor of alcohol.

In summary, we have evidence that appellant's vehicle crossed a center line and almost immediately thereafter struck another vehicle; and, that several hours later the investigating officer noticed the odor of alcohol on appellant's breath while appellant was in a state of shock in critical condition at a hospital as a result of injuries sustained in the collision. While these facts may give rise to a strong suspicion that appellant may have been driving under the influence of liquor at the time of the accident, they fall short of supporting this conclusion beyond a reasonable doubt.

I would hold that when the circumstances of the accident itself reveal no pattern of erratic or reckless driving *prior* to the time immediately before impact, and there is no credible evidence of consumption of intoxicating liquor or of intoxication itself other than an odor of alcohol on the breath, there is insufficient evidence to convict of operating under the influence.

Therefore appellant's conviction for driving under the influence of intoxicating liquor should be reversed.

HOFFMAN and SPAETH, JJ., join in this dissent.