393 A.2d 940

**COMMONWEALTH of Pennsylvania**

v.

**Vivian Consuella JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Oct. 27, 1978.

506

Timothy A. Crawford, Jr., Philadelphia, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence following non-jury trial and adjudication of guilty to charges of retail theft and criminal conspiracy.[1] Post-trial motions were made and denied. Only the question of sufficiency of the evidence to support conviction for the two offenses is before us.

1. "Crimes Code," Act of 1972, Dec. 6, P.L. 1482, 18 Pa.C.S. §§ 3929 and 903, respectively. As to an additional charge of theft by receiving stolen property, § 3925, the adjudication was not guilty.

The evidence against appellant, presented by the sole Commonwealth witness, a security guard at the Lord & Taylor Department Store, Montgomery County, is as follows.

On February 14, 1976, the guard observed appellant and another female enter the store and proceed to the area for the sale of more expensive women's clothing.[2] From a secluded spot in this area, the guard observed appellant standing behind her companion so as to obscure the view toward the latter, who was next to a rack of dresses. The store employee noticed, however, that the companion had removed certain merchandise from the rack, rolled it around the hanger, and placed it under her own clothing, between her legs. In the vernacular, this action is called "boosting," and what appellant was doing was "screening." Shortly both began to leave the store. The guard and the store's manager stopped them at the exit and asked that they come to the office. Appellant in the presence of the guard told her companion, who was not cooperating, to cooperate, that she didn't want this to be carried on any further, she didn't want any trouble, that she wanted to get it over with. The two women were searched at the store, and one tan dress valued at $90.00 was recovered from between the legs of appellant's companion. They were taken to the police station where, pursuant to a more thorough search, yet another article of clothing was found in the same area—this a suit made of "ultra-suede" and priced at $279.00. Still attached to these items were their inventory/price tags and the hangers. No clothing was found about the person of appellant.

The evidence which we have encapsulated above, albeit circumstantial, clearly established that appellant and her companion were engaged together to attempt and to commit the crime of retail theft. The action of appellant as a "screen" to block the view by others of her conspirator's

2. This second individual was charged at the same time as appellant, but was not tried with her because she was at large and had not been apprehended on a bench warrant.

removing clothes from a rack is a promotion or facilitation of the theft crime, sufficient in itself to support conviction of the criminal conspiracy offense. Common understanding and objective were shown. *Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977) and *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977). We find sufficient evidence for conviction of criminal conspiracy.

When a person aids another in the planning or committing of a crime, such person is an accomplice of the other. As an accomplice, he is "legally accountable for the conduct" of the other person and is thus guilty of the substantive crime charged. "Crimes Code," *supra*, § 306. The evidence in this case places appellant in the category of accomplice. She and the other woman entered the store together and went to an area where there were few other customers. Appellant stood facing her companion while the latter concealed the dresses. Appellant knew what her companion was doing, as is made evident by her comments to her friend, when apprehended after they had begun to walk out together— that she desired that they cooperate so that there would be no trouble and the affair not carried on any further. There is no doubt from the evidence that appellant was an accomplice of and active participant with the one who actually took possession of the stolen dresses. "It is true that mere presence at the scene of a crime is not sufficient to prove participation, however, if one is an active partner in the intent to commit the crime and offers any advice or encouragement to induce its commission, he is an aider and abettor and as such, is equally responsible criminally with the principal." *Commonwealth v. Roman*, 465 Pa. 515, 523, 351 A.2d 214, 218 (1976). The conduct of appellant, resulting as it did in promoting the commission of the crime by her companion, makes appellant equally responsible for the criminal activity. *Commonwealth v. Bridges*, 475 Pa. 535, 381 A.2d 125 (1977) and *Commonwealth v. Palmer*, 229 Pa.Super. 1, 323 A.2d 69 (1974).

Judgment of sentence affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.