J-A09001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHELSEA L. LOOKHART | : | |
| | : | |
| Appellant | : | No. 1229 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 20, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000373-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: May 30, 2025**

Chelsea Lookhart appeals from the judgment of sentence entered after she was convicted of driving under the influence (DUI) of alcohol, reckless driving, careless driving, and other offenses.[1]  She challenges the sufficiency of the evidence to sustain four of her convictions.  We affirm her DUI convictions but reverse her convictions for reckless driving and careless driving.

Trooper Peter Schultz of the Pennsylvania State Police charged Lookhart with the above offenses on March 7, 2023.  The case proceeded to a non-jury trial on February 29, 2024.  The trial court recounted the evidence from trial:

---

[1] 75 Pa.C.S. §§ 3802(a)(1) (DUI, general impairment), 3802(c) (DUI, highest rate of alcohol), 3736(a) (reckless driving), 3714(a) (careless driving), 3309(1) (driving within single lane), and 3746(a)(2) (immediate notice of accident to police department, damage to vehicle).

J-A09001-25

On March 4, 2023, Trooper Peter Schultz was dispatched to the scene of a single-vehicle crash. When he arrived around 11:02 p.m., he saw [Lookhart's] vehicle in a ditch [along] a straight section of road. The vehicle in the ditch was visible from the roadway. No one was inside the vehicle, but [Lookhart's] father, Russell Crocker, was at the scene.

Trooper Schultz proceeded to make contact with Lookhart at her residence up the road from the scene and found that she was exhibiting signs of alcohol intoxication and impairment. He testified that [Lookhart] had a strong odor of alcohol, glassy and bloodshot eyes, urinated herself, and that [Lookhart] admitted to drinking three to four beers after the crash occurred. As seen in [video from his dashboard camera], when Trooper Schultz asked [Lookhart] how she got off the road and into the ditch, he specifically asked if alcohol played a factor and she responded, "Maybe." After conducting field sobriety tests around 11:31 p.m. and finding [Lookhart] impaired, Schultz took [Lookhart] to the police station where she consented to a legal breath test. Trooper Kristofer Brown conducted the breath test on [Lookhart], which resulted in a BAC level of 0.192%.

Mr. Crocker testified that he received a call from [Lookhart, his daughter,] around 6:30 p.m. stating that she slid off the road into a ditch. He proceeded to pick her up and drop her off at her residence around 7:00 p.m. He further testified that she did not appear intoxicated or smell of alcohol. He then attempted to pull out the car on his own before calling a tow service. Mr. Crocker stated that he was at the scene of the crash waiting, after several hours since calling, for the tow truck to arrive. [He testified that he started the car while waiting for the tow truck.]

Trial Court Opinion, 11/5/24, at 1–2.

The trial court found Lookhart guilty. On June 20, 2024, the trial court sentenced Lookhart to imprisonment for 72 hours to 6 months for DUI and a fine for reckless driving. Lookhart filed post-sentence motions, which the trial court denied. Lookhart timely appealed. Lookhart and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

On appeal, Lookhart challenges the sufficiency of the evidence to sustain four of her convictions:

I.   Is the evidence of record insufficient as a matter of law to support Ms. Lookhart's conviction of DUI: General Impairment/ Incapable of Driving Safely where the Commonwealth failed to prove beyond a reasonable doubt that Ms. Lookhart drove, operated, or was in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that she was rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle?

II.  Is the evidence of record insufficient as a matter of law to support Ms. Lookhart's conviction of DUI: Highest Rate of Alcohol (BAC .16+) where the Commonwealth failed to prove beyond a reasonable doubt that Ms. Lookhart drove, operated, or was in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in her blood or breath was 0.16% or higher within two hours after she had driven, operated, or been in actual physical control of the movement of the vehicle?

III. Is the evidence of record insufficient as a matter of law to support Ms. Lookhart's conviction for Careless Driving where the Commonwealth failed to prove beyond a reasonable doubt that she drove a vehicle with a careless disregard for the safety of persons or property?

IV.  Is the evidence of record insufficient as a matter of law to support Ms. Lookhart's conviction for Reckless Driving where the Commonwealth failed to prove beyond a reasonable doubt that she drove a vehicle in willful or wanton disregard for the safety of persons or property?

Lookhart's Brief at 8–9.

A challenge to the sufficiency of the evidence presents a question of law, which we review *de novo*. **Commonwealth v. Roberts**, 293 A.3d 1221, 1223 (Pa. Super. 2023) (citing **Commonwealth v. Chambers**, 188 A.3d 400, 409 (Pa. 2018)). Viewing the evidence in the light most favorable to the

Commonwealth as verdict winner, we determine "whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt." *Id.* Notably, the Commonwealth may meet its burden with circumstantial evidence. *Id.* (citing *Commonwealth v. Gause*, 164 A.3d 532, 541, (Pa. Super. 2017) (*en banc*)). We do not reweigh the evidence that the factfinder (here, the trial court) already weighed; we determine instead whether there was any evidence that, if believed, would prove the challenged elements of each crime. *Id.* Thus, "a sufficiency claim must accept the credibility and reliability of all evidence that supports the verdict." *Commonwealth v. Barkman*, 295 A.3d 721, 733 (Pa. Super. 2023) (quoting *Commonwealth v. Breakiron*, 571 A.2d 1035, 1042 (Pa. 1990)) (rejecting a sufficiency challenge based only on a lack of corroborating evidence).

We address Lookhart's challenged convictions in turn. First, DUI – general impairment is defined by statute:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

DUI charged under this subsection is an "at the time of driving" offense, which requires proof that "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol."

*Commonwealth v. Eichler*, 133 A.3d 775, 790 (Pa. Super. 2016) (quoting *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009)).

Lookhart argues that her admission that alcohol was "maybe" a factor in her car accident was insufficient to prove her intoxication "at the time of driving." She notes that the trooper had just removed her from her home and asked her leading questions. She contends that it is unclear she understood in her intoxicated state what he was asking, and her response does not prove the required elements of DUI. Lookhart relies on *Commonwealth v. Kelley*, 652 A.2d 378 (Pa. Super. 1994), where a police officer's observations of a car accident were insufficient to sustain a DUI conviction.[2]

In *Kelley*, an officer responded in the middle of the night to a report of a crashed car. *Id.* at 379. Larry Kelley, who was unconscious in the car and smelled of alcohol, admitted that he drank three or four beers before leaving his brother's house hours earlier. *Id.* However, he also stated that he was hit on the head with a whiskey bottle, which was consistent with head injuries the officer observed. *Id.* at 380, 382. This Court held that the trial evidence did "not lead inescapably to" a finding that Kelley was intoxicated at the time he drove, with "simply too many variables and not enough corroborating facts in evidence to support the verdict." *Id.* at 382–83.

---

[2] *Kelley* involved the former DUI statute, 75 Pa.C.S. § 3731(a)(1) (repealed). For purposes of our analysis, the former law is equivalent to current subsection 3802(a)(1). *See Segida*, 985 A.2d at 879.

We reject Lookhart's arguments and distinguish **Kelley**. When Trooper Schultz asked Lookhart if "alcohol played a factor in" the accident, Lookhart said, "Maybe." This admission is direct evidence that Lookhart, due to drinking alcohol, was not able to safely drive at the time she drove off the road. While the trial court could have weighed Lookhart's statement differently based on the circumstances, such analysis goes to weight, not sufficiency. Unlike the statement in **Kelley**, Lookhart's admission requires no further inference to establish her guilt under subsection 3802(a)(1). Because the trial court could credit Lookhart's admission, the evidence is sufficient to sustain Lookhart's conviction for DUI – general impairment. Lookhart's first issue fails.

Second, DUI – highest rate of alcohol is defined in subsection (c):

> **(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

Subsection 3802(c) defines a "*per se*" DUI offense, which does not involve actual impairment but instead requires proof of a specified level of alcohol in a person's blood. **Commonwealth v. Griffith**, 32 A.3d 1231, 1238 (Pa. 2011). The elements of this offense are "(1) that a person drove, operated or was in actual physical control of a motor vehicle; and (2) that such action was conducted after imbibing enough alcohol that the actor's BAC

reached 0.16% within two hours after driving." ***Commonwealth v. Dirosa***, 249 A.3d 586, 589 (Pa. Super. 2021) (citation omitted).

Notably, a defendant's claim that she drank alcohol *after* driving is not fatal to a prosecution for a *per se* DUI offense like subsection 3802(c). Under the current DUI statute, "drinking after driving" is not a statutory defense. ***See generally Commonwealth v. Duda***, 923 A.2d 1138, 1144 (Pa. 2007) (comparing former 75 Pa.C.S. § 3731(a.1) (repealed)).[3] Rather, it remains within the province of the fact-finder to resolve whether an individual consumed alcohol after driving and what effect that had on the individual's BAC. ***E.g.***, ***Commonwealth v. Rakowski***, 987 A.2d 1215, 1219 (Pa. Super. 2010); ***see also Commonwealth v. Mahaney***, 540 A.2d 556, 559 (Pa. Super. 1988) (characterizing a driver's contention that he drank alcohol after an accident as a matter of credibility for the jury); ***Commonwealth v. Schutzman***, 82 A.2d 317, 318 (Pa. Super. 1951) (holding evidence sufficient where a defendant claimed he drank after driving but also admitted to drinking before).

Here, there was sufficient evidence for the trial court to find that police drew Lookhart's blood within two hours of her driving. Trooper Schultz

---

[3] The only statutory reference to drinking after driving is in the exception to the two-hour rule. 75 Pa.C.S. § 3802(g). To admit evidence under that exception, the Commonwealth must prove that a driver did not consume alcohol "between *arrest* and blood testing." ***Commonwealth v. Starry***, 224 A.3d 312, 315 (Pa. 2020). The subsection 3802(g) exception does not apply to the facts of this case because the trial court could find that the blood draw was within two hours of Lookhart's driving.

- 7 -

provided that when he arrived at Lookhart's car, the hood was warm. The trial court could disbelieve Mr. Crocker's alternative explanation and infer that Lookhart had driven the car shortly before the accident was reported. The trial court could also disbelieve Lookhart's self-serving statements to Trooper Lookhart that she had consumed three or four beers before he arrived. Therefore, the evidence is sufficient to sustain Lookhart's conviction for DUI – highest rate of alcohol. Lookhart's second issue fails.

We address Lookhart's third and fourth issues together. She contends there was insufficient evidence to sustain her convictions for careless driving and reckless driving.[4] We agree.

A person commits careless driving by driving "a vehicle in careless disregard for the safety of persons or property." 75 Pa.C.S. § 3714(a). A person commits reckless driving by driving "any vehicle in willful or wanton disregard for the safety of persons or property." 75 Pa.C.S. § 3736(a). The offenses differ in *mens rea*; careless driving is a "lesser" offense and reckless driving is a "greater" offense. **Commonwealth v. Bullick**, 830 A.2d 998, 1001–03 (Pa. Super. 2003). The Commonwealth may prove a defendant's mental state by circumstantial evidence; however, the circumstance of driving under the influence of alcohol is insufficient to establish reckless disregard for safety absent other indicia of unsafe driving. **Id.** (citing **Commonwealth v. Mastromatteo**, 719 A.2d 1081, 1083 (Pa. Super. 1998)); **see also**

---

[4] The Commonwealth does not include any argument in its brief related to Lookhart's convictions for careless driving and reckless driving.

*Commonwealth v. Hutchins*, 42 A.3d 302, 311–12 (Pa. Super. 2012) (holding evidence insufficient to establish recklessness where a driver smoked marijuana and then crashed his car).

Here, the trial court cited "the circumstantial evidence" to find that Lookhart drove carelessly and recklessly. However, the only circumstantial evidence consists of Lookhart driving into a ditch along a straight section of road with no adverse weather, after having consumed alcohol. Because there was no testimony about the accident or other evidence of what caused Lookhart to drive into the ditch, the trial court was left to speculate that Lookhart was careless or reckless. Under *Mastromatteo*, we reverse Lookhart's convictions for careless driving and reckless driving.

Judgment of sentence vacated and convictions reversed at Count 4, Careless Driving and Count 5, Reckless Driving. Judgment of sentence affirmed at all other counts.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2025